■ In the Matter of RICHY LAW, Appellant, v JAMES RACETTE, as Superintendent of Adirondack Correctional Facility, et al., Respondents.—Per Curiam. Appeal from a judgment of the Supreme Court at Special Term (Ford, J.), entered June 6, 1985 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Adirondack Correctional Facility, was served with a misbehavior report alleging that he had disobeyed a direct order and assaulted a correction officer. A Superintendent's hearing was scheduled and petitioner was afforded the aid of an employee-assistant (hereinafter assistant) in preparing his defense. Prior to the hearing, petitioner identified four witnesses and requested that they testify on his behalf. The assistant contacted the witnesses, but they refused to testify. Upon being informed of this at the hearing, petitioner requested another witness whom he described as a Puerto Rican who lived on the A/B floor and worked as a porter in the mess hall. The hearing was adjourned twice for a total of 1¾ hours while the witness was sought out, but he could not be located. Thereafter, the hearing was resumed and petitioner was found guilty of misconduct and assessed a penalty of 60 days' loss of good time. Following adverse administrative review, petitioner commenced this CPLR article 78 proceeding seeking judicial annulment of the determination. Special Term dismissed the petition and this appeal ensued.

Of the various points raised by petitioner, only three merit consideration: (1) whether he was denied the right to an assistant of his choice as guaranteed by due process and by departmental regulations (7 NYCRR 251-4.1); (2) whether he was prejudiced by the assistant's failure to inform him prior to the hearing that the four witnesses he had requested refused to testify; and (3) whether the failure to compel the four witnesses to testify and the failure to locate the witness requested during the hearing violated his due process and administrative rights (7 NYCRR 254.5) to call witnesses.

Regarding petitioner's contention that he was denied the right to an assistant of his choice, petitioner did not raise this objection at his hearing and respondents assert that he thereby waived it. We agree. Departmental regulations require that an inmate facing a disciplinary proceeding be given a choice of an assistant to aid him in his defense (7 NYCRR 251-4.1). The record does not conclusively establish that petitioner was advised of this right or given such a choice. However, unless the right is constitutionally guaranteed, petitioner's failure to object to its denial constitutes a waiver (*People v Parker*, 57 NY2d 136, 140; *People v Epps*, 37 NY2d 343, 350, *cert denied* 423 US 999; *Matter of Burke v Coughlin*, 97 AD2d 862, 863; *Matter of Santana v Coughlin*, 90 AD2d 947, 948). In *Matter of Johnakin v Racette* (111 AD2d 579), we held that the right to an assistant in a complex case is

subsumed within due process and the denial thereof mandates annulment in the absence of an express, knowing waiver *(supra,* p 580). It is uncontroverted that petitioner received the aid of an assistant and we assume without deciding that this case was sufficiently complex to constitutionally require such assistance. However, in a criminal case where an indigent defendant has a constitutional right to assigned counsel, there is no corresponding right to a choice of counsel *(People v Yates,* 45 AD2d 778). A fortiori, the right to an assistant of one's choice is also not of constitutional dimension, even when the right to such assistance has attached. Accordingly, petitioner's failure to raise the objection at his hearing constituted a waiver *(see, Matter of Collazo v Wilmot,* 75 AD2d 655, 656; *Matter of Hicks v LeFevre,* 59 AD2d 423, 425-426).

We are likewise unpersuaded by petitioner's contention that he was prejudiced by his assistant's failure to inform him prior to the hearing that the four witnesses he had requested refused to testify. Petitioner claims that if he had been so informed, he would have identified other witnesses who would have testified on his behalf. However, the record shows that upon being informed at the hearing that those witnesses would not testify, petitioner identified a fifth witness and the hearing was adjourned while the witness was searched for. Thus, petitioner has failed to establish any prejudice.

Lastly, we conclude that petitioner was not denied his due process and administrative rights (7 NYCRR 254.5) to call witnesses. We recently held that a hearing officer's failure in a disciplinary proceeding to compel the attendance of a witness who refuses to testify does not constitute a violation of prisoner's rights *(Matter of Barnes v LeFevre,* 118 AD2D 992). Moreover, a reasonable attempt was made to locate the fifth witness requested by petitioner during the hearing. The hearing was adjourned twice, once for approximately 15 minutes and then for 1½ hours, to search for the witness. The record shows that those Puerto Rican inmates who lived on the A/B floor or who worked as porters in the mess hall were contacted. Neither the departmental regulations nor due process required a more extensive search *(see, Matter of Mallard v Dalsheim,* 97 AD2d 545, 546; *People ex rel. Cooper v Smith,* 115 Misc 2d 689, 690).

Judgment affirmed, without costs. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.