■ In the Matter of RAFAEL TORRES, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged by two separate misbehavior reports with violation of a number of prison disciplinary rules as a result of his participation in the August 1, 1988 takeover of the special housing unit at Coxsackie Correctional Facility in Greene County. Tier III hearings were conducted August 17, 1988 through August 19, 1988, petitioner was found guilty of all charges and punishment was imposed. Following unsuccessful administrative review, petitioner brought this CPLR article 78 proceeding to annul the determination.

Respondent's determination should be confirmed and the petition dismissed. Initially, we reject the contentions that the Hearing Officer violated 7 NYCRR 254.5 by questioning witnesses outside of petitioner's presence and denying petitioner the right to call witnesses on his own behalf. Following the uprising, the 32 involved inmates were transferred to correc-

tional facilities throughout the State. Petitioner was transferred to Elmira Correctional Facility in Chemung County, the site of the instant hearings. Because disciplinary hearings were conducted with respect to each of the 32 inmates, many of whom requested testimony from hostages and other employees of Coxsackie Correctional Facility, arrangements were made to conduct all of the hearings on August 18, 1988, at which time the requested witnesses were made available for telephone interviews. In our view, this procedure was reasonable considering the time limitations imposed by 7 NYCRR 251-5.1, the number of hearings to be conducted and the need to separate the inmates following the riot.

One of the effects of conducting the hearings in this fashion was that petitioner could not be present during the questioning of witnesses. Rather, the Hearing Officer solicited questions from petitioner which were then asked of the witnesses over the telephone. We note that petitioner raised no objection to this procedure at a time when any error could have been corrected, thereby failing to preserve the argument for our consideration (see, Matter of Bates v Coughlin, 145 AD2d 854, lv denied 74 NY2d 602; Matter of McClean v LeFevre, 142 AD2d 911; Matter of Law v Racette, 120 AD2d 846). Further, under the unusual circumstances of this case, we see no violation of 7 NYCRR 254.5 (b). To conduct the hearings in any other fashion would clearly have jeopardized institutional safety or correctional goals and the record discloses the specific reason for the denial of petitioner's right to be present (see, Matter of Laureano v Kuhlmann, 75 NY2d 141, 148; see also, Matter of Cortez v Coughlin, 67 NY2d 907, 909; cf., Matter of Garcia v LeFevre, 64 NY2d 1001, 1003).

For the same reasons, we see no prejudicial error arising out of the Hearing Officer's inability to obtain the testimony of Correction Officer Shipley, who was out of the State with no known telephone number at the time of the hearings (see, Matter of Law v Racette, supra, at 848). Notably, petitioner listened to the tape-recorded testimony of all the witnesses, was given an opportunity to make a further statement and voiced no objection to the absence of testimony from Shipley (see, Matter of Harris v Coughlin, 116 AD2d 896, 897, lv denied 67 NY2d 610, 1047). Similarly, we see no error in the Hearing Officer's failure to interview two inmate witnesses who petitioner could identify only by cell number (see, Matter of Law v Racette, supra). Their testimony would have been cumulative at best (see, 7 NYCRR 254.5 [a]), considering that the inmate witnesses all absolved petitioner of any wrongdo-

ing. Petitioner's claim of inadequate employee assistance must also fail since the requested witnesses testified at the hearing and, accordingly, there has been no showing of prejudice *(see, Matter of Serrano v Coughlin,* 152 AD2d 790, 792). Finally, there was substantial evidence to support respondent's determination *(see, Matter of Rosado v Coughlin,* 157 AD2d 898, *lv denied* 75 NY2d 707; *Matter of Collins v Coughlin,* 156 AD2d 793, *lv denied* 75 NY2d 707).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Mercure, JJ., concur.