■ In the Matter of HALBERT TURNER, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

On August 6, 1988, petitioner was served with a misbehavior report charging participation in, or urging participation in,

a July 31, 1988 prison disturbance at Great Meadow Correctional Facility in Washington County. Specifically, petitioner was alleged to have personally and actively recruited other inmates to participate in a mess hall disturbance.

Petitioner argues that the determination of guilt is not supported by substantial evidence. A review of the record, including material validly held confidential and unavailable to petitioner *(see, Matter of Freeman v Coughlin,* 138 AD2d 824, 825-826; *Matter of Gibson v LeFevre,* 133 AD2d 978, 979-980), shows that the credible evidence presented satisfied the standard set by *People ex rel. Vega v Smith* (66 NY2d 130, 139) and *300 Gramatan Ave. Assocs. v State Div. of Human Rights* (45 NY2d 176, 180).

Petitioner further contends that several procedural errors warrant annulment. We disagree. We find that making specific reference to the disturbance and designating the time and location of petitioner's recruiting activities as the afternoon recreation periods of July 30 and 31, 1988 satisfied the procedural requirements of notice of time and place *(see, Matter of Lahey v Kelly,* 71 NY2d 135, 144). It was not necessary that the notice itemize in evidentiary detail all aspects of the case against petitioner. Equally without merit are the contentions made by petitioner of inadequate employee assistance and denial of witnesses. The employee assistant interviewed petitioner, and the single witness petitioner identified was called and testified at the hearing. The records sought by petitioner were confidential statements and unavailable. In sum, petitioner was not denied meaningful employee assistance *(see, Matter of Serrano v Coughlin,* 152 AD2d 790). Moreover, contrary to petitioner's claim the hearing was timely commenced within seven days of the misbehavior report, and while its completion was delayed beyond 14 days *(see,* 7 NYCRR 251-5.1) valid reasons existed for the delay, i.e., awaiting the return from vacation of the employee witness sought by petitioner.

Finally, the record fails to support petitioner's argument that the nature of questioning of witnesses by the Hearing Officer demonstrated his bias.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.