■ In the Matter of RAFAEL TORRES, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of Correctional Services, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination by respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate in the special housing unit at Coxsackie Correctional Facility in Greene County at the time it was taken over by inmates on August 1, 1988, was served with a misbehavior report signed by a correction sergeant charging him with violating rule 100.10 (assault), rule 100.20 (disturbing the order of the facility) and rule 104.10 (riot). The report accused petitioner of taking an active role in the inmates' negotiations with prison officials and striking and kicking one of the hostages, Correction Officer David Pratt *(see, Matter of Fletcher v Coughlin,* 161 AD2d 869). Following a Tier III hearing, petitioner was found guilty of all charges. However, that determination was administratively reversed because the tape recording of the proceedings was defective. A rehearing was conducted in November 1988 and petitioner was again found guilty of all charges. After unsuccessful administrative review, petitioner commenced this CPLR article 78 proceeding, subsequently transferred to this court, to challenge that determination.

We find merit in the contention that petitioner's right to call witnesses was violated, requiring annulment of the administrative determination. The record shows that petitioner requested that Pratt be called as a witness and that the Hearing Officer denied this request upon the ground that Pratt was "off duty on compensation for an indefinite period" as a result of the injuries sustained in the subject incident. This will not suffice. Clearly, as the victim of the alleged assault, Pratt's testimony was relevant and material and there is no indication that interviewing Pratt would have jeopardized institutional safety or correctional goals (7 NYCRR 254.5 [a]; *see, Matter of Mason v LeFevre,* 115 AD2d

922, 923; *Matter of De Mauro v LeFevre,* 91 AD2d 1156, 1157). We note that Pratt testified in connection with related charges against another inmate *(see, Matter of Fletcher v Coughlin, supra,* at 871), and the record gives no indication that his testimony could not, at the very least, have been taken over the telephone *(see, e.g., Matter of Torres v Coughlin,* 161 AD2d 1080). Moreover, petitioner indicated to the Hearing Officer that Pratt had given exculpatory testimony at the prior hearing on these charges, thereby providing notice of the importance of Pratt's testimony to his defense *(see, Matter of De Mauro v LeFevre, supra,* at 1157).

Because respondent has impermissibly denied to petitioner his regulatory and constitutional right to call witnesses, the appropriate remedy is expungement and not a remittal for further proceedings *(see, Matter of Barnes v LeFevre,* 69 NY2d 649; *Matter of Taylor v Coughlin,* 158 AD2d 881; *Matter of Boodro v Coughlin,* 142 AD2d 820; *Matter of Wong v Coughlin,* 137 AD2d 272; *Matter of De Mauro v LeFevre,* 91 AD2d 1156, *supra; but see, Matter of Coleman v Coombe,* 65 NY2d 777; *Matter of Sabo v Racette,* 124 AD2d 920). In view of our determination that expungement is required, we need not consider the contention that petitioner's subsequent conviction of assault in the second degree arising out of the same incident rendered any error harmless. Moreover, even if we did not order expungement, we would not speculate on the Hearing Officer's resolution of potentially conflicting evidence following a further hearing *(see, Matter of Gonzales v LeFevre,* 105 AD2d 909, 910), particularly in view of the fact that petitioner's criminal conviction is by no means determinative of the charges of disturbing the order of the facility and riot.

Determination annulled, without costs, petition granted and respondent is directed to expunge all references to this proceeding from petitioner's files. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.