■ In the Matter of GAYLORD BURNELL, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of Department of Correctional Services, et al., Respondents.—Determination unanimously confirmed and petition dismissed. Memorandum: The misbehavior report and testimony of the correction officer constitute substantial evidence supporting the Hearing Officer's determination of guilt. The correction officer unequivocally identified petitioner as an inmate who attempted to persuade other inmates to join in the disturbance.

The off-the-record discussions did not violate petitioner's rights. The Hearing Officer communicated with the requested witnesses in order to determine whether they had knowledge of the incident. Based on those conversations, the Hearing Officer properly determined that the witnesses did not have such knowledge. That determination did not constitute the taking of evidence against petitioner and thus did not compromise his right to be present or his right to have evidence recorded. (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Callahan, A. P. J., Denman, Balio, Lawton and Davis, JJ.

■ In the Matter of MARCELLUS JONES, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of Department of Correctional Services, et al., Respondents.—Determination unanimously confirmed and petition dismissed. Memorandum: The record contains substantial evidence to support the findings of guilt. In the written misbehavior report, the correction officer positively identified petitioner, whom he knew, as an inmate who had thrown a chair and a weight bench into a fire set by inmates during the prison riot. (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Callahan, A. P. J., Denman, Balio, Lawton and Davis, JJ.