■ RANDY S. MCCLELLAND, Individually and as Administrator of the Estate of JOANNE E. MCCLELLAND, Deceased, Respondent, v GREGORY L. PALMER et al., Individually and Doing Business as PALMER FARMS, Respondents, and TELMARK, INC., Appellant. RANDY S. MCCLELLAND, Individually and as Administrator of the Estate of ALEASHA R. MCCLELLAND, Deceased, Respondent, v GREGORY L. PALMER et al., Individually and Doing Business as PALMER FARMS, Respondents, and TELMARK, INC., Appellant. (Appeal No. 2.)—Appeal unanimously dismissed without costs as moot. Same Memorandum as in *McClelland v Palmer* ([appeal No. 1] 186 AD2d 1079 [decided herewith]). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Callahan, J. P., Green, Balio, Fallon and Davis, JJ.

■ In the Matter of MICHAEL BETTIS, Petitioner, v THOMAS A. COUGHLIN, as Commissioner of Department of Correctional Services, et al., Respondents.—Determination unanimously modified on the law and as modified confirmed and matter remitted to respondent Superintendent for further proceedings in accordance with the following Memorandum: The determination that petitioner violated Inmate Rule 104.10 (participating in a riot) is annulled and reference to it is expunged from petitioner's institutional records. The misbehavior report, which was the only evidence presented against petitioner, alleged only petitioner's presence on the scene and failed to contain a "particularized individual description of misconduct" by which petitioner was alleged to have participated in a riot. As such, the report did not constitute substantial evidence of petitioner's guilt *(see, Matter of Bryant v Coughlin,* 77 NY2d 642). Because our determination is based upon lack of substantial evidence, respondents are not entitled to a rehearing to attempt to correct the deficiency in the proof *(see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 148; *Matter of Hartje v Coughlin,* 70 NY2d 866). The matter is remitted to respondent Superintendent to impose an appropriate punishment on the charge to which petitioner entered a plea of guilty. (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Pine, Lawton, Boehm and Doerr, JJ.