■ In the Matter of TYRONE TAYLOR, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

On June 4, 1991, petitioner was served with a misbehavior report which alleged violations of Department of Correctional Services rules 104.10 (rioting) (see, 7 NYCRR 270.2 [B] [5] [i]) and 109.11 (leaving an assigned area without authorization) (see, 7 NYCRR 270.2 [B] [10] [ii]) as a result of his participation in the May 28-29, 1991 takeover of the outdoor exercise yard to A-Block at Southport Correctional Facility in Chemung County. The report, authored by Correction Officer R. Farrell, alleged, inter alia, that petitioner was "personally identified in the A-block Yard as a participant in the take over" and despite "several opportunities to leave the yard * * * continued to participate".

On June 10, 1991, petitioner's disciplinary hearing commenced. Petitioner contended that he left the four-man exercise pen that he was in after tear gas was released and went into the D stairway to try to get the gas off his skin and to get water for his eyes and mouth. He asserted that he remained in the stairway for most of the takeover. Petitioner requested

to see photographic evidence of the incident but the Hearing Officer, following a brief adjournment, said such evidence was not available. Petitioner also requested the presence of every officer involved in the incident, although he was unable to name a single one. In response, the Hearing Officer called Farrell who testified that he had observed petitioner several times in the yard. Farrell stated that although he did not see petitioner with "the hostage[s] nor did I see him participate in any of the weapons making * * * I did see him several times * * * wandering around the yard".

Citing Farrell's report and testimony, the Hearing Officer found petitioner guilty of both charges. The Hearing Officer sentenced petitioner to two years' confinement in a special housing unit, two years' loss of good time and two years' loss of various privileges. Following unsuccessful administrative review, petitioner brought this CPLR article 78 proceeding to annul the determination.

Initially, the misbehavior report, confirmed by the testimony of Farrell, provides substantial evidence supporting both findings of guilt (see, Matter of Foster v Coughlin, 76 NY2d 964, 966; People ex rel. Vega v Smith, 66 NY2d 130, 139-140; Matter of Williams v Coughlin, 190 AD2d 883 [decided herewith]; Matter of Hillard v Coughlin, 187 AD2d 136; Matter of Torres v Coughlin, 161 AD2d 1080, 1082; Matter of Smith v Coughlin, 161 AD2d 1082, 1083; Matter of Collins v Coughlin, 156 AD2d 793, lv denied 75 NY2d 707; cf., Matter of Bryant v Coughlin, 77 NY2d 642; Matter of Bettis v Coughlin, 186 AD2d 1080; Matter of Taylor v Coughlin, 158 AD2d 881, 882-883). Petitioner's explanations and denials simply presented a credibility issue which the Hearing Officer reasonably resolved against him (see, Matter of Foster v Coughlin, supra; see also, Matter of Huggins v Coughlin, 155 AD2d 844, 845-846, affd on mem below 76 NY2d 904).

Next, petitioner contends that the misbehavior report did not sufficiently describe his alleged violation of rule 104.10, thus depriving him of sufficient notice to defend himself. We disagree. The misbehavior report sets out the date and time of the incident and indicates petitioner's presence in various parts of the yard throughout the course of the riot and his failure to leave when given an opportunity to do so. Moreover, the report contains the names of both correction employees whose observations were the basis of the charge. This information was more than adequate notice to petitioner of the rule 104.10 violation and evidence against him (see, 7 NYCRR 251-3.1 [c]; Matter of Williams v Coughlin, 190 AD2d 883 [decided

herewith], *supra; Matter of Turner v Coughlin,* 162 AD2d 781, 782).

There is merit, however, to petitioner's claim that the denial of his request to view photographs and videotapes of the takeover infringed on his opportunity to adequately prepare a defense. It is clear that several photographs and two videotapes were made of the incident. The videotapes consisted of a black and white film taken from a fixed point showing the incident from the beginning and a color film taken with a hand-held camera from different perimeter points commencing some 20 minutes after the start of the riot. Although the videotapes and photographs were not viewed by the Hearing Officer, because this photographic evidence may have a significant bearing on petitioner's defense and petitioner requested it, the hearing should have been adjourned to enable petitioner to view the evidence *(see, Matter of Hillard v Coughlin,* 187 AD2d 136, *supra; Matter of Smith v Coughlin,* 137 AD2d 938; *cf., Matter of Espinal v Coughlin,* 153 AD2d 778, *appeal dismissed* 74 NY2d 944, *lv denied* 75 NY2d 705). The determination should therefore be annulled *(cf., Matter of Laureano v Kuhlmann,* 75 NY2d 141, 146-148; *Matter of Shaffer v Hoke,* 174 AD2d 787, 788; *Matter of Breland v Senkowski,* 168 AD2d 751, 752).

Finally, because (1) the challenged disciplinary determination is supported by substantial evidence, (2) there has not been a violation of one of petitioner's fundamental due process rights as enunciated in *Wolff v McDonnell* (418 US 539), and (3) other equitable considerations do not dictate expungement *(see, Matter of Hillard v Coughlin, supra),* we remit for a new hearing.

In view of our determination, we do not reach petitioner's remaining contention.

Weiss, P. J., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.