■ In the Matter of Roy Jackson, Petitioner, v Thomas A. Coughlin, III, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme

Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a Superintendent's hearing of violating rules prohibiting rioting and leaving an assigned area without authorization as a result of his activities during an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County. Petitioner contends that the misbehavior report did not give adequate notice of the charges against him and that the determination is not supported by substantial evidence.

The misbehavior report filed against petitioner stated that he was "personally identified in the A-block Yard as a participant in the takeover", that petitioner had earlier been secured in an exercise unit but was seen at various locations in the yard thereafter, and that, although all inmates were given an opportunity to leave the yard, petitioner "continued to participate". Given the circumstances, we find that the misbehavior report gave petitioner sufficient notice of the nature of the charges against him *(see, Matter of Williams v Coughlin,* 190 AD2d 883; *Matter of Vogelsang v Coombe,* 105 AD2d 913, 914, *affd* 66 NY2d 835). In addition to the misbehavior report, petitioner admitted that he left his exercise unit during the uprising and walked around inside the yard. Further, the Hearing Officer reviewed a videotape of the incident and found that, although he could not identify petitioner on the tape, he was unable to see any inmates who were unwilling participants in the riot. These facts provide substantial evidence supporting both findings of guilt *(see, Matter of Williams v Coughlin, supra; Matter of Hillard v Coughlin,* 187 AD2d 136).

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.