■ In the Matter of JAMES JENKINS, Petitioner, v THOMAS COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

After a Superintendent's hearing, petitioner was found guilty of violating prison disciplinary rules prohibiting rioting and leaving an assigned area without authorization based upon his activities during an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County. Petitioner contends that the determination was not supported by substantial evidence and that procedural errors require annulment.

The misbehavior report filed against petitioner states that petitioner "was personally identified in the A-block yard as one of the participants in the take over" by two correction officers with the aid of a "spotter type scope", that petitioner had originally been secured in an exercise unit but was seen during the incident at various locations throughout the yard, and that he "continued to participate" in the riot although all inmates were given the opportunity to leave the yard. This report gave petitioner sufficient notice under the circumstances of the nature of the charges against him *(see, Matter of Williams v Coughlin,* 190 AD2d 883, 886; *Matter of Vogelsang v Coombe,* 105 AD2d 913, 914, *affd* 66 NY2d 835). In addition, the report, coupled with the confirmatory testimony of the correction officer who authored the report that petitioner was out of his assigned area during the uprising, constitutes substantial evidence of petitioner's guilt of the charges against him *(see, Matter of Williams v Coughlin, supra; Matter of Vitiello v Coughlin,* 159 AD2d 791, 792). Further, annulment is not required based upon the inadequacy of petitioner's employee assistant. Petitioner was given an opportunity to have both witnesses he requested on his assistance form testify at the hearing, and thus was not prejudiced by the failure of the employee assistant to interview these witnesses *(see, Matter of Serrano v Coughlin,* 152 AD2d 790). In addition, the inability of the employee assistant to obtain documents requested by petitioner because they had not yet arrived at the facility did not establish that the assistant failed to perform his duties *(see, Matter of Turner v Coughlin,* 162 AD2d 781). Further, petitioner was not denied due process by respondent's failure to record a session at

which several Hearing Officers viewed videotapes and photographs of the uprising *(see, Matter of Williams v Coughlin, supra,* at 886). Finally, we find no evidence in the record to support petitioner's claim that alleged bias on the part of the Hearing Officer requires annulment *(see, supra,* at 886; *Matter of Nieves v Coughlin,* 157 AD2d 943, 944).

We do find error, however, in the failure of the Hearing Officer to make available to petitioner or his employee assistant the videotapes and photographs of the incident *(see, Matter of Hillard v Coughlin,* 187 AD2d 136, 140) and documents requested by petitioner pertaining to the uprising *(see, Matter of Hodges v Scully,* 141 AD2d 729). It is noted that, although petitioner's request for documents was broad *(see, Matter of Morales v Senkowski,* 165 AD2d 393, 395), the Hearing Officer did not deny production of the documents on this ground. These errors require remittal for a new hearing *(see, supra; see also, Matter of Taylor v Coughlin,* 190 AD2d 900; *Matter of Sabo v Racette,* 124 AD2d 920).

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.