■ In the Matter of JUAN SALCEDO, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule (see, 7 NYCRR 270.2).

Petitioner was found guilty after a Superintendent's hearing of violating State-wide rule 104.10 (rioting) as a result of his actions during an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County. Petitioner instituted this proceeding contending that the determination was not supported by substantial evidence and that various procedural errors require annulment. We confirm.

Initially, we find that the misbehavior report, which stated that petitioner left his exercise unit and "was observed participating in the take-over of A-block yard", the confirmatory testimony of the correction officer who authored the report, the videotape evidence that the inmates uniformly left the exercise pens at the start of the uprising and petitioner's admission that he was out of his exercise area during the uprising provide substantial evidence to support the finding of guilt (see, Matter of Williams v Coughlin, 190 AD2d 883; Matter of Hillard v Coughlin, 187 AD2d 136). We also find that the misbehavior report gave petitioner sufficient notice of the nature of the charges against him and that, by failing to request the opportunity to view a videotape and photographic evidence viewed by the Hearing Officer, petitioner has waived any right to view this evidence (see, Matter of Williams v Coughlin, supra, at 886). Nor do we find that petitioner was denied due process by respondent's failure to record a viewing session of the videotape and photographs of the uprising attended by several Hearing Officers (see, supra, at 886). Finally, we find no evidence in the record to support petitioner's claim that alleged bias on the part of the Hearing Officer requires annulment (see, supra, at 886; Matter of Nieves v Coughlin, 157 AD2d 943, 944).

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.