■ In the Matter of ANDRE PORTER, Petitioner, v MARIO M. CUOMO, as Governor, et al., Respondents. [594 NYS2d 857] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Washington County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner initiated a proceeding to challenge the determinations made at several Superintendent's hearings and their use by the Time Allowance Committee to determine petitioner's good behavior allowance. Supreme Court granted respondents' motions to dismiss the petition as to all but the most recent Superintendent's hearing, finding that challenges to them were untimely, and dismissed the proceeding as to the Committee on the ground that petitioner failed to show that the Committee had acted improperly. Supreme Court then transferred the proceeding to this Court for review of respondent Commissioner of Correctional Services' remaining determination.

We agree with Supreme Court's dismissal of that part of the proceeding challenging the Commissioner's determinations made more then four months before the proceeding was

initiated and which challenged the determination of the Committee *(see, People ex rel. Hawkins v Scully,* 151 AD2d 527). We now turn to that part of the proceeding which was transferred to this Court.

Petitioner challenges the Commissioner's determination finding him guilty of violating disciplinary rules prohibiting rioting and violent conduct as a result of his activities during an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County. In his *pro se* brief, petitioner contends that various errors by the Hearing Officer require annulment.

Initially, we find no evidence of bias that would require annulment *(see, Matter of Williams v Coughlin,* 190 AD2d 883; *Matter of Nieves v Coughlin,* 157 AD2d 943, 944). We also find no error in the failure to call as a witness a correction officer who had been held as a hostage because he was given medical advice not to discuss the hostage situation *(see, Matter of Torres v Coughlin,* 161 AD2d 1080; *cf., Matter of Torres v Coughlin,* 166 AD2d 793). Further, petitioner was not prejudiced by the failure to call Deputy Commissioner Philip Coombes to testify. Although Coombes had spoken to petitioner as a part of the negotiations during the uprising, he was denied as a witness as unavailable. While this basis for denial was error absent further explanation, Deputy Commissioner Raymond Broadis, who also negotiated with petitioner, testified that petitioner had been instrumental in convincing inmates to agree to some of the Department of Correctional Services' suggestions and had escorted a hostage to safety. Because it is clear from the record that the testimony of Coombes would have been redundant, we decline to annul the determination on this basis *(see, Matter of Laureano v Kuhlmann,* 75 NY2d 141, 147; *Matter of Cortez v Coughlin,* 67 NY2d 907). Further, the record reveals that contrary to petitioner's contention the Hearing Officer did view the videotapes of the incident, and his failure to disclose to petitioner that the viewing took place at a joint session with other Hearing Officers did not violate petitioner's due process rights *(see, Matter of Williams v Coughlin, supra).*

We find, however, that the Hearing Officer erred in failing to make available documents requested by petitioner pertaining to the uprising based upon the bald statement that the documents are confidential *(see, Matter of Hodges v Scully,* 141 AD2d 729). This error requires remittal *(see, Matter of Taylor v Coughlin,* 190 AD2d 900).

Mikoll, J. P., Yesawich Jr., Mercure, Crew III and Harvey,

JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent Commissioner of Correctional Services for further proceedings not inconsistent with this Court's decision.