■ In the Matter of RANDOLPH DOTSON, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. [595 NYS2d 251] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a Superintendent's hearing of violating rules prohibiting rioting and leaving an assigned area without authorization as a result of his activities during an inmate uprising May 28-29, 1991 at Southport Correctional Facility in Chemung County.

The misbehavior report filed against petitioner stated that

he was a participant in the uprising in that he was personally identified at various locations throughout the A-block yard of the facility although he had previously been secured in an exercise unit by correction officers. The report also stated that petitioner did not leave the yard although given the opportunity to do so. Although petitioner contends in this proceeding that the report did not give adequate notice of the nature of the charges against him, this argument was waived by his failure to raise the issue at his hearing (see, Matter of Hopkins v Blum, 58 NY2d 1011). In any event, the notice was sufficient (see, Matter of Williams v Coughlin, 190 AD2d 883).

At the hearing, petitioner contended that he left the four-man exercise unit he was in only after tear gas entered the area, although he admitted that he stayed out of the unit throughout the incident. A correction officer testified that he spoke with petitioner through a window to the yard during the incident concerning an injury to a correction officer. He also testified that petitioner was given an opportunity to leave the yard and did not do so. The Hearing Officer also reviewed a videotape of the incident. The Hearing Officer found, and upon our review of the tape we concur, that it appears from the tape that all units, particularly the four-man units, were empty before the disbursement of tear gas. We find that this evidence provides substantial evidence to support the findings of guilt (see, supra). Petitioner's explanations and denials merely presented issues of credibility for the Hearing Officer to decide (see, Matter of Foster v Coughlin, 76 NY2d 964; Matter of Taylor v Coughlin, 190 AD2d 900). We also find that there was no due process violation in the failure of respondent to record or disclose a joint session at which several Hearing Officers viewed the videotape and photographs of the incident and were given background information including the configuration of the Southport facility (see, Matter of Williams v Coughlin, supra). Further, given that at his hearing petitioner requested only that the Hearing Officer view the videotape and did not request that he be allowed to view the tape or photographs, he has waived his right to view them (see, supra; Matter of Gonzales v Coughlin, 180 AD2d 974, 975-976).

The denial of petitioner's requests for two witnesses, one a correction officer who was held hostage during the incident and the other an inmate, is more problematic. The employee assistant indicated that he was told by the officer's watch commander at Southport that the officer was not available and could not be contacted. While somewhat ambiguous, we find that this explanation was sufficient given that petitioner

did not object to the failure to produce the witness *(see, Matter of Torres v Coughlin,* 161 AD2d 1080; *cf., Matter of Torres v Coughlin,* 166 AD2d 793). Petitioner also requested an inmate witness and was informed by the Hearing Officer that the witness refused to testify. An inmate refusal form indicating that the witness did not want to be involved and that he refused to provide further information is included in the record. Also included is a letter signed by a correction officer stating that the witness refused to sign the form. We find this sufficient in that petitioner never requested that the reason the witness was unwilling to testify be placed on the record or that the Hearing Officer question the witness, and by his silence acquiesced in the procedure followed *(see, Matter of Crowley v O'Keefe,* 148 AD2d 816, *lv denied* 74 NY2d 613).

Weiss, P. J., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.