■ In the Matter of DAVID BOYCE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. [595 NYS2d 140] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty after a Superintendent's hearing of violating State-wide rules 104.10 (7 NYCRR 270.2 [B] [5] [i]; rioting) and 109.11 (7 NYCRR 270.2 [B] [10] [ii]; leaving an assigned area without authorization) as a result of his activities during an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County. In this proceeding, petitioner contends that the determination is not supported by substantial evidence and that the failure of the Hearing Officer to disclose the existence of a Department of Correctional Services internal memorandum characterizing petitioner's degree of participation in the uprising require annulment.

The misbehavior report filed against petitioner stated that he had been personally identified as a participant in the takeover of the A-block in that, despite having been secured in an exercise pen before the uprising, petitioner was "identified at various locations throughout the yard" during the uprising. In addition, the correction officer who authored the misbehavior report confirmed the information in the report, and also testified that he had seen petitioner enter and leave a stairwell where hostages were being held. This testimony provided a basis for the Hearing Officer's inference that petitioner was a participant in the uprising. This evidence, combined with petitioner's admission that he left his assigned exercise unit and remained outside of it during the uprising, provides substantial evidence to support both determinations of guilt *(see, Matter of Williams v Coughlin,* 190 AD2d 883; *see also, Matter of Taylor v Coughlin,* 190 AD2d 990). We also find that the failure to disclose the memorandum at issue does not require annulment. Nothing in the record supports petitioner's speculation that the Hearing Officer even read the document *(cf., Matter of Freeman v Coughlin,* 138 AD2d 824). In

any event, the Hearing Officer did not rely upon the memorandum in making his determination *(see, Matter of Williams v Coughlin, supra; Matter of Burnell v Coughlin,* 177 AD2d 1061; *Matter of Rodriquez v Coughlin,* 167 AD2d 671). Furthermore, the memorandum was not "material to the determination nor of such significance as to preclude meaningful review" *(Matter of Rodriquez v Coughlin, supra; see, Matter of Williams v Coughlin, supra).* Finally, petitioner has not demonstrated how the document might have had a significant bearing on his defense *(cf., Matter of Taylor v Coughlin, supra).*

Weiss, P. J., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.