In the Matter of ALEXANDER WYCHE, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [594 NYS2d 909] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

On May 28-29, 1991 an uprising occurred among the inmates being held in exercise pens in the A-block of Southport Correctional Facility in Chemung County. As a result of his activities during the uprising, petitioner was found guilty after a Superintendent's hearing of violating State-wide rules prohibiting rioting and leaving an assigned area without authorization. Petitioner contends in this proceeding that the determination is not supported by substantial evidence and that procedural errors warrant annulment.

A correction officer filed a misbehavior report stating that he and another officer had personally identified petitioner as a participant in the uprising in that they saw him walking freely throughout the yard during the incident although he

had previously been secured in an exercise pen. The correction officer testified at the hearing and confirmed the information in the report that petitioner roamed about the yard and made no showing that he was an unwilling participant. In addition, the Hearing Officer reviewed a videotape of the incident. From our review of the videotape it appears that all inmate pens were empty before tear gas was deployed. The Hearing Officer therefore had a basis to infer that petitioner was not driven from his pen by the tear gas as he had claimed. We find that this evidence, combined with petitioner's admission that he left his exercise pen and remained outside of it during the incident, constitutes substantial evidence to support the determinations of guilt (see, Matter of Williams v Coughlin, 190 AD2d 883). We also find that petitioner waived any issue concerning the adequacy of the misbehavior report to give notice of the nature of the charges against him by failing to raise this issue at his hearing (see, Matter of Hopkins v Blum, 58 NY2d 1011) and that, in any event, the notice provided was adequate (see, Matter of Williams v Coughlin, supra).

Other errors were committed, however, which require annulment. The transcript of the hearing reveals that material information may have been received by the Hearing Officer off the record and considered in making the determinations. Several Hearing Officers attended a joint session at which Department of Correctional Services employees presented the videotape and photographs as well as some basic information concerning the configuration of the Southport facility. While the Hearing Officer affirmed that he did not discuss the conclusions to be drawn from the evidence presented, he stated during the hearing that the video showed the inmates leaving their pens prior to the use of tear gas to his satisfaction and to "the satisfaction of other people who reviewed it". The Hearing Officer also stated that "conversations with people at Southport * * * who witnessed what transpired, was that gas was not present in the area at that time". The possibility that the Hearing Officer may have relied upon information taken off the record served to violate petitioner's rights (see, Matter of Hill v LeFevre, 124 AD2d 383; cf., Matter of Williams v Coughlin, supra). In addition, while not clearly presented, we read petitioner's brief to include a challenge to the denial of petitioner's request to allow him or his employee assistant to view the videotape. We find this denial to be a violation of due process (see, Matter of Hillard v Coughlin, 187 AD2d 136). These errors compel remittal for a new hearing (see, supra). Finally, given the Hearing Officer's possible re-

ceipt of material nonrecord evidence, we direct that any rehearing be before a different Hearing Officer *(see, Matter of Romeo v Union Free School Dist., No. 3,* 64 AD2d 664).

Weiss, P. J., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.