■ In the Matter of CARLOS GARCIA, Appellant, v THOMAS COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [599 NYS2d 147] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered August 11, 1992 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review three determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.

Petitioner was charged in three separate misbehavior reports with violations of various State-wide rules as a result of his activities during an inmate uprising at Southport Correctional Facility in Chemung County on May 28-29, 1991. After two Superintendent's hearings, petitioner was found guilty of rules prohibiting assault on staff (two counts), possession of weapons (two counts), threats (two counts), riot (three counts), violent conduct and disobedience of orders. On administrative appeal, the finding of guilt on the charges contained in the second report were modified by dismissing the charges of riot and assault in that report as duplicative. The determinations

were otherwise affirmed. Petitioner then initiated this proceeding seeking annulment of the determinations.

We find no error in the Hearing Officer's ejection of petitioner from the hearing after he refused to follow orderly procedure *(see, Matter of Lowrence v Mann,* 189 AD2d 1036; *Matter of Dawes v Coughlin,* 176 AD2d 415, *lv denied* 79 NY2d 751). Further, the inability of petitioner's employee assistant to obtain certain documents or witnesses for reasons beyond his control does not establish that the assistant failed to comply with his duties *(see, Matter of Turner v Coughlin,* 162 AD2d 781). We also find no error in the failure to call as witnesses two correction officers who were allegedly held as hostages by petitioner during the uprising based upon professional health care advice that they not discuss the situation. Petitioner was aware of the unavailability of the witnesses prior to the hearings and did not request a further extension so that the witnesses could recover sufficiently to testify *(see, Matter of Torres v Coughlin,* 161 AD2d 1080; *cf., Matter of Torres v Coughlin,* 166 AD2d 793).

We do find error, however, in the denial of certain of petitioner's requests for documentary evidence. Medical records of hostages and inmates requested by petitioner were irrelevant *(see, Matter of Marquez v Mann,* 188 AD2d 956; *Matter of Irby v Kelly,* 161 AD2d 860). The denial of other documents, however, based upon conclusory statements that they were confidential was error *(see, Matter of Hodges v Scully,* 141 AD2d 729). While some of these documents may indeed require confidential treatment, on remittal the Hearing Officer must give a reason for such a determination and, to the extent that the record does not establish the basis for the denial of access, this Court should be provided with the requested documents for in camera review *(see, Matter of Morales v Senkowski,* 165 AD2d 393). We note that remittal may also allow for production of documents which were unavailable at the time of the original hearings. We also find error in the Hearing Officer's denial of petitioner's request to view the videotapes of the uprising *(see, Matter of Taylor v Coughlin,* 190 AD2d 900). These errors require remittal for a new hearing *(see, supra).*

Petitioner also contends that some of the charges in the three misbehavior reports were duplicative. We agree with petitioner to the extent that the first two misbehavior reports both charge violation of the rule prohibiting threats. The threats at issue were made to the same hostage 15 minutes apart during a single continuous incident. Therefore, upon

remittal these charges should be combined *(see, Matter of Rodriguez v Coughlin,* 190 AD2d 919; *cf., Matter of Fletcher v Coughlin,* 161 AD2d 869). Given our remittal of the matter for new hearings, we need not address petitioner's contention that the penalty was excessive.

Mikoll, J. P., Yesawich Jr., Crew III, Mahoney and Harvey, JJ., concur. Ordered that the determinations are annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.