■ In the Matter of WALLACE ROGERS, Petitioner, v ROBERT MITCHELL, as Superintendent of Eastern Correctional Facility, et al., Respondents. [599 NYS2d 646] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In October 1991 a misbehavior report was filed by Frank Marino, a civilian cook at Otisville Correctional Facility in Orange County, accusing petitioner of violating State-wide rules prohibiting fighting, assault and violation of any Penal Law offense. The misbehavior report stated that Marino heard what sounded like a punch and turned to see petitioner lowering his arms and standing in front of inmate Willie Craig, who was falling backward. Craig subsequently died as a result of a fractured skull sustained when he fell to the floor. After a Superintendent's hearing, petitioner was found guilty of violating all three disciplinary rules. The determination was affirmed on administrative review and petitioner subsequently initiated this proceeding, contending that the determination was not supported by substantial evidence and that other errors require annulment.

At the hearing, Marino testified and confirmed the information set forth in the misbehavior report. In addition, a police investigator testified that petitioner stated he had put up his hands to stop Craig from coming towards him and had made contact with Craig. The investigator also stated that during

the investigation inmate Lawrence Sims stated that he saw petitioner strike Craig. Petitioner also testified, first denying that he had touched Craig but later stating that he had held Craig back but never pushed or struck him. We find that this evidence, and the reasonable inferences to be drawn therefrom, are sufficient to constitute substantial evidence of petitioner's guilt *(see, Matter of Redd v Kuhlmann,* 177 AD2d 803). To the extent that petitioner's testimony indicated that he did not strike or push Craig, a credibility issue was presented which the Hearing Officer reasonably resolved against him *(see, Matter of Taylor v Coughlin,* 190 AD2d 900; *Matter of Redd v Kulhmann, supra).*

The fact that petitioner was acquitted of the criminal charges that resulted from the incident does not require a different result given the different standards of proof involved *(see, People ex rel. Matthews v New York State Div. of Parole,* 58 NY2d 196; *People ex rel. Singletary v Dalsheim,* 84 AD2d 553, *lv denied* 55 NY2d 603). We also find that petitioner has waived any argument that the notice of the charge of violating the Penal Law was inadequate by failing to raise the issue at the Superintendent's hearing *(see, Matter of Hopkins v Blum,* 58 NY2d 1011; *Matter of Wyche v Coughlin,* 191 AD2d 945).

Weiss, P. J., Levine, Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.