■ In the Matter of RAFAEL CRUZ, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, et al., Respondents. [600 NYS2d 861] —Determination confirmed and petition dismissed. Memorandum: Respondents' determination that petitioner participated in a riot is supported by substantial evidence. In addition to the misbehavior report, which stated that petitioner was observed par-

ticipating in the take-over of A-Block yard, the correction officer who authored the report testified at the hearing that he observed petitioner, whom he knew, actively participating in the riot. He further testified that petitioner tried to conceal himself by wrapping a shirt around his face and that all inmates were running about the yard, barricading the entrance ways and exit ways to and from the yard. Petitioner was also observed conversing with numerous inmates throughout the second day of the incident. Another correction officer testified that a videotape of the riot showed all inmates in the yard area exiting their exercise cages and did not show any inmate being an unwilling participant in the ensuing riot. Any alleged deficiency in the misbehavior report (see, Matter of Bryant v Coughlin, 77 NY2d 642), was, in our view, sufficiently rectified by the testimony of the two officers at the hearing.

All concur except Green and Fallon, JJ., who dissent and vote to annul the determination in the following Memorandum.

Green and Fallon, JJ. (dissenting): We dissent. The determination that petitioner violated Inmate Rule 104.10 (7 NYCRR 270.2 [B] [5] [i] [participating in a riot]) should be annulled. The misbehavior report, presented as evidence against petitioner, alleged only that petitioner's exercise unit was empty and that he was observed participating in the takeover of the prison yard. The report failed to allege any specific offensive conduct attributed to petitioner and as such the report did not constitute substantial evidence of petitioner's guilt (see, Matter of Bryant v Coughlin, 77 NY2d 642; Matter of Bettis v Coughlin, 186 AD2d 1080). In our view, the testimony of two correction officers at petitioner's Tier III hearing does not rectify the deficiency of proof. The officers testified that no inmates were seen being "unwilling participants" in the riot and that petitioner was present at the riot. Again, there was no particularized description of misconduct on petitioner's part to constitute the offense of rioting. We therefore conclude that respondents' determination was not supported by substantial evidence. (Article 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Callahan, J. P., Green, Balio, Fallon and Doerr, JJ.