■ In the Matter of WILLIAM PALIN, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent. (Appeal No. 1.) [622 NYS2d 164] —Judgment unanimously affirmed. Memorandum: After a superintendent's hearing, petitioner was found guilty of violating prison disciplinary rules prohibiting rioting and possession of a weapon, based upon his activities in an inmate uprising at Southport Correctional Facility on May 28, 1991. Following administrative review of the determination, petitioner brought this proceeding contending that the determination should be annulled because of the ineffective assistance of his employee assistant, who failed to obtain photographs of the uprising taken by the New York State Police.

Supreme Court properly found that petitioner was afforded meaningful employee assistance. The employee assistant interviewed petitioner, obtained and reviewed the videotape of the uprising and unsuccessfully requested photographs of the uprising. Although no reason was given for denial of the photographs, the record establishes that they were no longer in the custody of the Department of Correctional Services. Moreover, there is no showing that petitioner communicated to the employee assistant that the photographs were of particular significance. Therefore, the failure of the employee assistant to obtain the photographs or to request an explanation for the denial of the request did not constitute ineffective employee assistance (see, Matter of Jenkins v Coughlin, 190 AD2d 937, lv denied 82 NY2d 651; Matter of Turner v Coughlin, 162 AD2d 781; Silva v Casey, 992 F2d 20, 22).

Petitioner objected to the denial of his request for the photographs at the superintendent's hearing and communicated the importance of the photographs in the preparation of his defense to the Hearing Examiner. Under the circumstances, the Hearing Examiner should have adjourned the hearing to determine whether the photographs were unavailable or, if available but not provided, to articulate a reason why providing them would have been "unduly hazardous to institutional safety or correctional goals" (Wolff v McDonnell, 418 US 539, 566; see, Matter of Taylor v Coughlin, 190 AD2d 900, 902, lv denied 82 NY2d 651; 7 NYCRR 252.3 [a] [3]). However, annulment of the determination of guilt is not required. In view of the clear identification of petitioner as the individual holding the correction officer hostage, the error is harmless. (Appeal from Judgment of Supreme Court, Wyoming County, Griffith, J.—Article 78.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.