■ In the Matter of MICHAEL WEBB, Appellant, v GLENN S. GOORD, as Commissioner of the Department of Correctional Services, et al., Respondents. [704 NYS2d 172] —Peters, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered May 10, 1999 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to

---

review a determination of respondent Commissioner of Correctional Services finding petitioner guilty of violating a prison disciplinary rule.

Following a tier III disciplinary hearing, petitioner, a prison inmate, was found guilty of violating the prison disciplinary rule which prohibits inmates from making threats. According to the misbehavior report, petitioner was seen and heard yelling obscenities and threats at two correction officers who were involved in a separate incident with another inmate in the vicinity of petitioner's cell. Following an unsuccessful administrative appeal, petitioner commenced this proceeding pursuant to CPLR article 78 to challenge the underlying determination. Supreme Court dismissed the petition and this appeal ensued.

We affirm. Although petitioner claims that the unusual incident report prepared in connection with the separate incident was necessary to establish that the correction officers could not have seen or heard petitioner from their location, any error on the part of the Hearing Officer in refusing to furnish the report was harmless in view of the clear identification of petitioner as the individual who made the threats (*see, Matter of Palin v Coughlin*, 209 AD2d 970). Moreover, the failure of petitioner's employee assistant to obtain the unusual incident report and additional documentation relating to the separate incident did not constitute ineffective employee assistance and, in any event, petitioner has failed to demonstrate how he was prejudiced by this alleged deficiency (*see, Matter of Eckert v Selsky*, 247 AD2d 728). Finally, the Hearing Officer's decision to remove petitioner from the hearing once he became argumentative and uncooperative was neither an abuse of discretion nor indicative of bias (*see, Matter of Dumpson v McGinnis*, 247 AD2d 804; *Matter of Joyce v Goord*, 246 AD2d 926).

Petitioner's remaining contentions have been reviewed and rejected as lacking in merit.

Cardona, P. J., Carpinello, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is affirmed, without costs.