■ In the Matter of ANDRE PORTER, Appellant, v DANIEL SENKOWSKI, as Superintendent of Clinton Correctional Facility, et al., Respondents. [666 NYS2d 853] —Appeal from a judgment of the Supreme Court (Feldstein, J.), entered February 25, 1997 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, for review of a determination of respondents establishing petitioner's conditional release date.

Petitioner is currently an inmate at Clinton Correctional Facility in Clinton County, having been incarcerated as the result of three sentences: a 1981 sentence of 4 to 12 years, a concurrent 1982 sentence of 5 to 15 years, and, for a crime committed while in prison, a 1992 sentence of 3 to 6 years to run consecutively with the first sentences. Petitioner contends that he should have been credited with good time of one third of his maximum sentences of 15 and 6 years, respectively, for a total of 7 years of good time (*see*, Penal Law § 70.30 [4] [a]). We disagree. In July 1991, prior to the imposition of petitioner's third sentence, the correctional facility's Time Allowance Committee determined that petitioner had incurred over eight years of recommended loss of good time due to the outcome of various prison disciplinary proceedings. It was accordingly determined that petitioner had forfeited the five years of good time which he might otherwise have received with the result that his conditional release date was set at November 4, 1996. Respondent Commissioner of Correctional Services affirmed this decision and petitioner did not challenge it.

After petitioner's 1992 sentence of an additional 3 to 6 years' imprisonment was imposed, he became eligible for two years of potential good time, i.e., one third of his maximum prison term, resulting in a conditional release date of November 4, 2000. Petitioner challenges that determination on the ground that he should have been credited with not only the two years of good time from his 1992 sentence, but also with the five years of good time from his concurrent 1981 and 1982 sentences for a total of seven years. We disagree. Pursuant to Correction Law § 803 (1) (a), good time may be canceled for "violation of institutional rules". That is what occurred in 1991 when it was determined that petitioner had forfeited five years of good time as the result of penalties imposed at his disciplinary hearings. Any appeal from that determination would, at this point, be untimely (*see*, *Matter of Porter v Cuomo*, 191 AD2d 852, 853). There is no provision, statutory or otherwise, for the recoupment of previously lost good time rendering this proceeding unavailing. Petitioner's remaining contentions have been examined and found to be without merit.

Cardona, P. J., Mikoll, Crew III, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.