■ In the Matter of EULISES ROSADO, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Kane, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was involved in the takeover of the special housing unit (hereinafter SHU) at Coxsackie Correctional Facility in Greene County on August 1, 1988, which resulted in a misbehavior report charging him with several institutional violations. After a hearing at which he denied the charges, petitioner was found guilty of all charges except assault, based on the misbehavior report and testimony of Correction Sergeant Thomas McKernon. Petitioner appealed and, after respondent's affirmance of the original decision, this CPLR article 78 proceeding was brought.

As a preliminary matter, respondent urges this court to dismiss the petition for failure to exhaust administrative remedies, arguing that petitioner failed to raise the issue at

the administrative appeal level of whether the determination is supported by substantial evidence. Although petitioner's administrative appeal does not specifically raise the issue, our review fundamentally hinges on whether substantial evidence supports respondent's determination (see, Matter of Wanton v Coughlin, 117 AD2d 376, 377).

We now confirm. Although sparse, the record sufficiently indicates that Sergeant McKernon, who was assigned to SHU on the day in question, possessed enough firsthand knowledge of petitioner's offenses to enable his misbehavior report and hearing testimony to constitute the substantial evidence needed to uphold respondent's determination (see, People ex rel. Vega v Smith, 66 NY2d 130, 139-140). Petitioner does not deny that he was present at SHU at the time of the uprising and offered nothing probative at his hearing to challenge the report or suggest the need for further inquiry by the Hearing Officer (see, supra; see also, Matter of Perez v Wilmot, 67 NY2d 615, 616-617).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Levine, JJ., concur.