■ In the Matter of STEVEN VITIELLO, Petitioner, v THOMAS

---

A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was involved in the takeover of the special housing unit of Coxsackie Correctional Facility in Greene County on August 1, 1988, in the course of which five correction officers were taken hostage, threatened and abused, and between $50,000 and $75,000 worth of property damage was incurred. A misbehavior report charged petitioner with several institutional violations and, after a hearing, petitioner was found guilty of all charges except assault. Following administrative review, petitioner brought this CPLR article 78 proceeding, contending that the determination is not supported by substantial evidence.*

We now confirm. In two other proceedings arising out of the same incident and based upon the same misbehavior report, we determined that the misbehavior report, together with evidence that the petitioning inmate was out of his cell during the uprising, was sufficient to support the determinations of guilt (see, Matter of Rosado v Coughlin, 157 AD2d 898; Matter of Collins v Coughlin, 156 AD2d 793). Here, petitioner admitted that during the uprising he was out of his cell and, in fact, went around the control center and into a different gallery, that he armed himself with a stick and that he acted as a lookout, guarding a hostage. In addition, he stated that "everybody" demolished the place, which respondent could rationally interpret to include petitioner.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Weiss, Mercure and Harvey, JJ., concur.

---

* Respondent's assertion in his answer that petitioner failed to exhaust his administrative remedies has not been raised in this court and is deemed abandoned.