■ In the Matter of CARLOS SOREY, Petitioner, v THOMAS A. COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules (7 NYCRR 270.2).

Petitioner was found guilty after a Superintendent's hearing of violating State-wide rule 104.10 (rioting) and 109.11 (leaving an assigned area without authorization) as a result of his participation in an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County. In this proceeding, petitioner contends that the determination was not supported by substantial evidence and that procedural errors require annulment.

The misbehavior report filed against petitioner and authored by Correction Officer R. Farrell alleged that petitioner was "personally identified in the A-block Yard as a participant in the take over of this area" by both Farrell and another correction officer, that petitioner had earlier been secured in an exercise unit but was identified at various locations in the yard throughout the day and that, although all inmates were given an opportunity to leave the yard, petitioner "continued to participate". In addition, petitioner admitted that he had been outside his cell during the uprising. We find that this evidence was sufficient to support the findings of guilt (see, Matter of Williams v Coughlin, 190 AD2d 883; Matter of Vitiello v Coughlin, 159 AD2d 791, 792). We also find that the misbehavior report gave petitioner sufficient notice of the nature of the charges against him (Matter of Williams v Coughlin, supra, at 886; Matter of Vogelsang v Coombe, 105 AD2d 913, 914, affd 66 NY2d 835). Further, petitioner failed to request that the Hearing Officer view the videotapes of the incident and waived his own right to view videotapes and photographic evidence by failing to request the opportunity to do so at the hearing (see, Matter of Williams v Coughlin, supra, at 886). Finally, we do not find that the penalty imposed was so disproportionate to the offense as to be shocking to one's sense of fairness (see, supra).

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.