■ In the Matter of DAVID WILLIAMS, Petitioner, v THOMAS COUGHLIN, III, as Commissioner of the New York State Department of Correctional Services, Respondent. [595 NYS2d 334] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

As a result of his activities during an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County, petitioner was found guilty after a Superintendent's hearing of violating State-wide rules 104.10 (7 NYCRR 270.2 [B] [5] [i]; rioting), 104.12 (7 NYCRR 270.2 [B] [5] [iii]; leader/organizer of riot) and 109.11 (7 NYCRR 270.2 [B] [10] [ii]; leaving an assigned area without authorization). Petitioner contends that the determination is not supported by substantial evidence and that other procedural errors require annulment.

The misbehavior report stated that petitioner, although originally placed in an exercise unit, was identified in various locations in the A-block yard of the prison during the incident. It also stated that petitioner took a leadership role in conversing with the press and negotiators during the uprising. Testimony by the correction officer who authored the misbehavior report confirmed the information in the report. Other correction officers also testified that they felt that petitioner had some authority among the inmates. In addition, the Hearing Officer reviewed a videotape of the uprising and concluded that no inmates appeared to be unwilling participants and that all had left their exercise pens prior to the release of tear gas. Our review of the videotape reveals that the inmates

uniformly left the four-man pens, one of which petitioner occupied, at the start of the uprising and before tear gas was visible in the pen area. This evidence, together with petitioner's admissions that he left the pen area before the tear gas was dispensed and remained in the yard area during the uprising, provide substantial evidence to support the determinations of guilt *(see, Matter of Williams v Coughlin,* 190 AD2d 883). The fact that petitioner concededly helped to negotiate the release of a hostage does not change this result *(see, Matter of Sanchez v Irvin,* 186 AD2d 996).

Further, the failure of respondent to record a session at which several Hearing Officers viewed videotapes and photographs of the incident and were given general background information, including information regarding the configuration of the facility involved, did not serve to deny petitioner due process *(see, Matter of Williams v Coughlin, supra).* We do find error, however, in the failure of the Hearing Officer to allow petitioner to review a videotape of the incident, requiring remittal for a new hearing *(see, Matter of Hillard v Coughlin,* 187 AD2d 136). Finally, petitioner argues that he was denied the right to call as a witness the correction officer who was released as a result of his negotiations. Petitioner waived this issue by failing to raise it in his administrative appeal *(see, Matter of Williams v Coughlin, supra; Matter of Gonzales v Coughlin,* 180 AD2d 974; *Matter of McClean v LeFevre,* 142 AD2d 911, 912). Given that remittal is necessary, however, we note that this witness is clearly relevant, at least as to the penalty to be imposed *(see, Matter of Coleman v Coombe,* 65 NY2d 777; *Matter of Torres v Coughlin,* 166 AD2d 793), and his continued off-duty status at the time of the hearing was an insufficient reason standing alone to deny petitioner's request *(see, Matter of Torres v Coughlin, supra).*

Weiss, P. J., Yesawich Jr., Mercure, Mahoney and Casey, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.