■ In the Matter of WILLIAM D. BOOKER, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [691 NYS2d 844] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Following a Tier III hearing, petitioner was found guilty of violating inmate rules 104.10 (7 NYCRR 270.2 [B] [5] [i] [rioting]), 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]), and 124.16 (7 NYCRR 270.2 [B] [25] [vii] [failing to comply with mess hall serving and seating policies]). The determination finding petitioner guilty of creating a disturbance is supported by substantial evidence, namely, the testimony of the correction officer who prepared the misbehavior report that

he observed petitioner leave his seat in the mess hall and run in a fast and aggressive manner toward a group of inmates who were involved in an assault on correction officers (*see generally, People ex rel. Vega v Smith*, 66 NY2d 130, 139). We modify the determination, however, with respect to the other charges. There is no evidence in the record that petitioner conspired or took any action that "is intended to or results in the takeover of any area of the facility" (7 NYCRR 270.2 [B] [5] [i]). Petitioner's act of running toward a group of inmates who were involved in an assault does not constitute rioting for purposes of the regulation (*cf., Matter of Boyce v Coughlin*, 191 AD2d 936, *lv denied* 82 NY2d 651 [the petitioner was personally identified as a participant in the takeover of a portion of the facility and was identified at various locations throughout the yard during the uprising]; *Matter of Williams v Coughlin*, 191 AD2d 937, *lv denied* 82 NY2d 651 [same incident]; *Matter of Sorey v Coughlin*, 190 AD2d 936 [same incident]). We further conclude that the determination finding petitioner guilty of failing to comply with mess hall serving and seating policies is not supported by substantial evidence. The record is silent with respect to mess hall seating policies, and thus it is impossible to determine that petitioner's action in leaving an assigned seat violates any policy of the facility. Consequently, we modify the determination and grant the amended petition in part by annulling the determination that petitioner violated inmate rules 104.10 and 124.16. Because only one penalty was imposed and the record fails to specify any relation between the violations and the penalty, we further modify the determination by vacating the penalty and remit the matter to respondent for imposition of an appropriate penalty on the remaining violation (*see, Matter of Brooks v Coughlin*, 182 AD2d 1115, 1116). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Wyoming County, Dadd, J.) Present—Denman, P. J., Lawton, Hayes, Pigott, Jr., and Scudder, JJ.