■ In the Matter of NATHANIEL JACKSON, Petitioner, v LEONARD PORTUONDO, as Superintendent of Shawangunk Cor-

rectional Facility, et al., Respondents. [731 NYS2d 281] —Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner was found guilty of violating the prison disciplinary rules that prohibit soliciting others to smuggle contraband into a correctional facility and violation of the facility's correspondence and package procedures. According to the misbehavior report, petitioner was the subject of a mail watch authorized by respondent Superintendent of Shawangunk Correctional Facility, when he attempted to mail a letter after writing "Legal Material" on the envelope. Instead of legal material, however, the envelope contained a personal letter to a female friend in which petitioner told her how she could deliver a package to him despite his being under a "no package" disciplinary restriction. He further advised her to secrete an unnamed item in a body cavity before visiting him at the facility as this would be "the safest place."

The misbehavior report was presented in evidence at the hearing as were copies of the envelope and letter which petitioner admitted to having written. In addition, testimony was given by the correction officer who authored the misbehavior report, by the addressee of petitioner's letter and by two individuals employed in the facility's mail room who described its correspondence and package procedures and the way in which petitioner's conduct had violated them. We find this sufficient to constitute substantial evidence supporting the determination of petitioner's guilt (*see, Matter of Fitzpatrick v Goord*, 269 AD2d 643, 644; *Matter of Mitchell v Phillips*, 268 AD2d 633). That petitioner gave testimony in which he denied any wrongdoing presented an issue of credibility that was appropriately resolved by the Hearing Officer (*see, Matter of Kayshawn v Selsky*, 277 AD2d 611). Petitioner's remaining contentions, including his allegations of procedural violations and Hearing Officer bias, have been examined and found to be without merit (*see, Matter of Gargano v Goord*, 278 AD2d 716, 717-718, *lv denied* 96 NY2d 716).

Cardona, P. J., Mercure, Crew III, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.