(September 12, 2002)

■ In the Matter of JOHN SARTORI, Petitioner, v DONALD SELSKY, as Director of Special Housing/Inmate Disciplinary Programs, Respondent. [746 NYS2d 848]

Petitioner was found guilty of violating the prison disciplinary rules prohibiting inmates from conspiring to introduce controlled substances into a correctional facility and from soliciting others to smuggle any item into a facility. As related in the misbehavior report, a letter that had been mailed by petitioner was returned to the correctional facility marked "Return to Sender." In the letter, which was addressed to his niece, petitioner set forth detailed instructions as to how she could smuggle drugs into the facility and transfer them to him during a visit. The reporting officer stated that when confronted with the letter, petitioner admitted that he had written it.

Respondent concedes that there is insufficient evidence to support the conspiracy charge as there is no proof that petitioner and his niece ever arrived at an "[a]greement * * * to engage in an act of misbehavior" (7 NYCRR 270.3 [b] [2]). Hence, the underlying determination is annulled to that extent (see Matter of Delgado v Hurlburt, 279 AD2d 734).*

There is, however, substantial evidence to support that part of the determination finding petitioner guilty of soliciting others to introduce contraband into the facility, i.e., the misbehavior report, a copy of the correspondence in question and petitioner's admission that he wrote it (see Matter of Nunez v Selsky, 276 AD2d 962; Matter of Long v Department of Cor-

---

* The administrative penalties imposed upon petitioner (180 days' confinement in the Special Housing Unit with a concurrent loss of package, commissary and telephone privileges; six months' loss of good time and two years' loss of attendance at special events) were not apportioned between the two charges of misconduct of which petitioner was found guilty. Hence, the matter must be remitted to the Commissioner of Correctional Services for the imposition of an appropriate penalty on the remaining violation (see Matter of Booker v Goord, 262 AD2d 970, 971).

*rectional Servs. of N.Y.*, 252 AD2d 698). Petitioner's assertion that he had written his niece simply to show her how readily drugs could be smuggled into the facility, without any intention of soliciting her to undertake such conduct, presented an issue of credibility to be resolved by the Hearing Officer (*see Matter of Herrera-Martinez v Selsky*, 294 AD2d 633, 633; *Matter of Carota v Goord*, 285 AD2d 676, 677, *lv denied* 97 NY2d 603). Petitioner's remaining contentions have been reviewed and found to be without merit.

Mercure, J.P., Spain, Carpinello, Rose and Lahtinen, JJ., concur. Adjudged that the determination is modified, without costs, by annulling so much thereof as found petitioner guilty of conspiracy to introduce controlled substances into the correctional facility at which he was incarcerated; petition granted to that extent and matter remitted to the Commissioner of Correctional Services for further proceedings not inconsistent with this Court's decision; and, as so modified, confirmed.