In the Matter of DANIEL KARLIN, Petitioner, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [793 NYS2d 295]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating a prison disciplinary rule.

Petitioner was charged in a misbehavior report with failing to comply with facility correspondence procedures after correction officials discovered that in August 2003 he sent a letter to an unrelated 12-year-old boy without obtaining prior written parental approval. He was found guilty of this charge following a tier III disciplinary hearing, but the determination was reversed upon administrative appeal and a rehearing was ordered. At the conclusion of the rehearing, petitioner was again found guilty of the charge. Thereafter, the determination of guilt was upheld on administrative appeal, but the penalty was modified. This CPLR article 78 proceeding ensued.

We confirm. The misbehavior report, together with the testimony of the correction officer who prepared it and correction officials familiar with correspondence procedures, as well as the letter itself, provide substantial evidence supporting the determination of guilt (see Matter of Greci v Selsky, 8 AD3d 725 [2004]; Matter of Velez v Goord, 262 AD2d 906, 906 [1999]). Petitioner's defense that he received a letter from the boy's mother in June 2003 authorizing such correspondence presented a credibility issue for the Hearing Officer to resolve (see Matter of Sartori v Selsky, 297 AD2d 839, 840 [2002]; Matter of Jackson v Portuondo, 287 AD2d 847, 848 [2001]). Moreover, we reject petitioner's claim that a rule violation was not established by the fact that the purported authorization letter was absent from his guidance folder as the rule requires advance parental approval (see 7 NYCRR 270.2 [B] [26] [ii]; 720.3 [b] [1]). Petitioner's remaining contentions are either unpreserved for our review or are lacking in merit.

Cardona P.J., Peters, Spain, Rose and Kane, JJ., concur.

Adjudged that the determination is confirmed, without costs, and petition dismissed.