■ In the Matter of STACEY KNIGHT, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [798 NYS2d 810]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Chemung County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

In the course of an authorized mail watch, correction officials intercepted a letter sent by petitioner to a third party in which he made coded references to gang-related activity. As a result, petitioner was charged in a misbehavior report with violating facility correspondence procedures and engaging in unauthorized organizational activities. He was found guilty of the charges following a tier III disciplinary hearing and the determination was affirmed on administrative appeal. This CPLR article 78 proceeding ensued.

The misbehavior report, letter and confidential testimony taken by the Hearing Officer in camera constitute substantial evidence supporting the determination of guilt (*see Matter of Roman v Goord*, 284 AD2d 604, 605 [2001]; *Matter of Martinez*

*v Selsky,* 274 AD2d 726 [2000]). We find no merit to petitioner's claim that he was denied adequate employee assistance inasmuch as the documents the assistant failed to provide were either nonexistent, irrelevant or confidential in nature (*see Matter of Antinuche v Goord,* 16 AD3d 743, 744 [2005]; *Matter of Cliff v Selsky,* 293 AD2d 885, 885 [2002]). Notably, petitioner was provided an opportunity at the hearing to review the letter and the envelope. Contrary to petitioner's claim, he was not entitled access to the transcript of the confidential testimony as it implicated matters bearing upon institutional security (*see Matter of Garcia v Selsky,* 15 AD3d 813, 814 [2005]; *Matter of Mata v Goord,* 250 AD2d 907 [1998]). His remaining contentions are either unpreserved for our review or are lacking in merit.

Cardona, P.J., Peters, Carpinello, Mugglin and Rose, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.