■ In the Matter of MALIK ALLAH, Petitioner, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [856 NYS2d 697]—

Peters, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating a prison disciplinary rule.

On June 1, 2006, petitioner, a prison inmate, sent a letter addressed to "Just Life Allah." Believing that the recipient was a religious leader, mailroom personnel classified the letter as business mail and returned it to petitioner because it had been submitted in a sealed envelope (*see* 7 NYCRR 720.7 [d]). The following day, petitioner filed a grievance wherein he asserted that "Just Life Allah" was not a religious leader but, rather, was one of his "students" and was only 14 years old. Petitioner thereafter was charged in a misbehavior report with violating facility correspondence procedures (*see* 7 NYCRR 270.2 [B] [26] [ii])—specifically, the departmental directive requiring an inmate who wishes to correspond with an unrelated minor under 18 years of age to obtain prior written consent from the minor's parent or guardian. Following a tier III disciplinary hearing, petitioner was found guilty and a penalty of three months in the special housing unit with a corresponding loss of privileges and recommended loss of good time was imposed. Petitioner's administrative appeal was unsuccessful, prompting him to commence this proceeding pursuant to CPLR article 78 to annul the underlying determination.

Initially, we reject petitioner's assertion that the misbehavior

report was not sufficiently detailed to apprise him of the charge against him and enable him to prepare a defense (*see Matter of Antinuche v Goord*, 16 AD3d 743, 744 [2005]). Even a cursory review of the hearing transcript reveals that petitioner, who admittedly reviewed the subject directive prior to the hearing, was well aware that he was being charged with corresponding with an unrelated minor without consent and was afforded ample opportunity to establish his belated and entirely unsubstantiated claim that "Just Life Allah" was in fact his nephew. Having taken the position that he "[didn't] have to prove anything" at the disciplinary hearing, petitioner cannot now be heard to complain that he was denied the opportunity to present a valid defense.

Turning to the merits, the misbehavior report and the statements contained in petitioner's initial grievance* provide substantial evidence of petitioner's guilt (*see Matter of Karlin v Goord*, 17 AD3d 901 [2005], *lv denied* 5 NY3d 717 [2005]). Petitioner failed to call any witnesses or tender any documentation to support his claim that "Just Life Allah" was his nephew and, in any event, his contention in this regard presented a credibility issue for the Hearing Officer to resolve (*see id.*). Petitioner's remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Kane, Kavanagh and Stein, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* Petitioner subsequently attempted to refile his original grievance, this time contending that "Just Life Allah" was his 14-year-old nephew.