Matter of Telesford v Annucci (2018 NY Slip Op 07397)





Matter of Telesford v Annucci


2018 NY Slip Op 07397


Decided on November 1, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 1, 2018

526334

[*1]In the Matter of MARCUS TELESFORD, Petitioner,
v
ANTHONY J. ANNUCCI, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: September 18, 2018

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Marcus Telesford, Alden, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report with possessing gang-related material and violating facility correspondence procedures for allegedly attempting to mail certain documents — alleged to have been discovered during the course of a 60-day authorized mail watch of petitioner's incoming and outgoing mail — that contained gang-related references. Following a tier III prison disciplinary hearing, petitioner was found guilty of the charges and a penalty was imposed. The determination was later affirmed on administrative appeal with a modified penalty, and this CPLR article 78 proceeding ensued.
The determination of guilt is not supported by substantial evidence, as the misbehavior report, hearing testimony and documentary evidence failed to establish that the underlying mail belonged to petitioner. Significantly, the documentary evidence attached to the misbehavior report and submitted to this Court for in camera review consisted solely of three typewritten pages, which did not have any features or content that could identify petitioner as the author or sender, and did not include the envelope in which the pages were allegedly discovered (compare Matter of Knight v Selsky, 20 AD3d 852, 853 [2005]; Matter of Jackson v Portuondo, 287 AD2d 847, 848 [2001]). The testimony given by the investigating correction officer, together with the statements that he made in the misbehavior report, established only that the three typewritten pages were forwarded to him from the mail room as mail that petitioner had attempted to send. The investigating correction officer did not testify to having any personal knowledge that petitioner was the sender of those pages. A mail room supervisor testified that, although she was aware that petitioner was the subject of a mail watch at one time, she could not recall the actual incident, and she did not offer any testimony that linked petitioner to the pages at issue (compare Matter of Jackson v Portuondo, 287 AD2d at 848). Further, petitioner did not admit ownership [*2]of the documents or otherwise connect himself to them (compare id.; Matter of Fitzpatrick v Goord, 269 AD2d 643, 644 [2000]). To the contrary, petitioner maintained his innocence throughout the administrative proceeding and asserted that he was being retaliated against for having lodged grievances against the mail room staff. In the absence of evidence connecting petitioner to the three typewritten pages, the underlying determination of guilt is not supported by substantial evidence (compare Matter of Knight v Selsky, 20 AD3d at 852-853; Matter of Jackson v Portuondo, 287 AD2d at 848). Accordingly, the determination must be annulled and all references thereto expunged from petitioner's institutional record (see Matter of Ferril v Annucci, 134 AD3d 1264, 1265 [2015]; Matter of Lopez v Coombe, 229 AD2d 639, 639 [1996]). In light of our determination, the remainder of petitioner's arguments have been rendered academic.
Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ., concur.
ADJUDGED that the determination is annulled, without costs, petition granted and respondent is directed to expunge all references to this matter from petitioner's institutional record.