■ ROBIN-GAY APARTMENTS, INC., Respondent, v. FREDERIC S. BERMAN, as City Rent and Rehabilitation Administrator, Appellant.— Order, entered May 10, 1966, denying defendant's motion to dismiss the complaint in an action for a declaratory judgment reversed, on the law and in the exercise of discretion, and the motion granted, without costs or disbursements to either party, and without prejudice to plaintiff pursuing its administrative remedies before the Rent Administrator, and thereafter seeking appropriate relief, if necessary and so advised, in a proceeding under article 78 of the CPLR or by a new action for a declaratory judgment. On the present status of the 1952 rent orders there is no appropriate basis for declaratory relief by way of construction or otherwise. Moreover it is not clear, and the administrative agency asserts to the contrary, that plaintiff may not obtain adequate relief through the available administrative procedure. In administrative matters the doctrine of *res judicata* is not so much a bar as a practical, albeit rigorous, standard (*People ex rel. Finnegan* v. *McBride*, 226 N. Y. 252, 257–259). This is particularly true where the parties are not the same and the agency action is administrative rather than quasi-judicial (*Matter of Evans* v. *Monaghan*, 306 N. Y. 312, 323–324; 1 N. Y. Jur., Administrative Law, §§ 149–150, and cases cited; cf. *Matter of Ess Pee Bee Realty Corp.* v. *Gabel*, 22 A D 2d 207, 211, affd. 16 N Y 2d 524; see, generally, 2 Davis, Administrative Law, §§ 18.01–18.12). The court does not now pass on the appropriateness of any judicial proceeding or action with respect to which the present determination is made without prejudice. Concur — Botein, P. J., Breitel, Steuer, Capozzoli and Witmer, JJ.