■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES WILLIAMS, Appellant, v RAMON RODRIGUEZ, as Chairman of the

New York State Board of Parole, et al., Respondents. — Kane, J. P. Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered June 5, 1984 in Ulster County, which dismissed petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, after a hearing.

The pertinent facts underlying petitioner's application are not in dispute. On October 31, 1978, petitioner was released on parole from Arthur Kill Correctional Facility. He had been serving two indeterminate sentences of imprisonment, which had a maximum expiration date of October 25, 1983. On May 31, 1979, however, petitioner was arrested and charged with various crimes arising out of an alleged burglary. On June 13, 1979, a parole violation warrant was issued based upon the incident. The arresting officer failed to appear at the scheduled preliminary parole revocation hearings and, as a result, on July 2, 1979, the hearing officer found no probable cause to sustain the charges and the warrant was withdrawn.

On September 18, 1979, a jury rendered a verdict convicting petitioner of the crimes of burglary in the third degree, criminal possession of stolen property in the third degree and petit larceny. On November 20, 1979, petitioner was sentenced to an indeterminate term of imprisonment of 3½ to 7 years, to run consecutive to any parole time owed.

On March 12, 1980, a parole violation warrant was issued based on the conviction. Hearings were duly held and, as a result thereof, petitioner's parole was revoked. Petitioner did not administratively appeal the determination.

The instant proceeding was commenced by order to show cause dated April 27, 1984. The petition alleged that respondents were prohibited "from issuing a second warrant based upon the same conduct upon which [the first warrant] had been issued". Special Term dismissed the petition, finding, *inter alia,* that respondents were not prohibited from lodging the second warrant. This appeal ensued.

Assuming, arguendo, that habeas corpus is an appropriate procedure here, we find that Special Term's determination on the merits was correct and, accordingly, must be affirmed. The original parole violation warrant was withdrawn, an action within the authority of respondents. And petitioner is unable to point to any authority which prohibited respondents from issuing the second warrant. Contrary to petitioner's assertion, the second proceeding did not amount to a mere rehash of the first proceeding, as it was based on a new circumstance, i.e., his conviction (*cf. Matter of Evans v Monaghan,* 306 NY 312).

Judgment affirmed, without costs. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.