In the Matter of ANDRE PORTER, Petitioner, v FRANK E. IRVIN, as Superintendent of Wende Correctional Facility, et al., Respondents. [615 NYS2d 953] —Determinations unanimously confirmed and petition dismissed. Memorandum: Petitioner challenges two disciplinary determinations. In each disciplinary proceeding, the misbehavior reports written by prison employees constituted substantial evidence of the violations in question *(see, Matter of Perez v Wilmot,* 67 NY2d 615, 616-617). The record of the first proceeding contains no evidence that the Hearing Officer was biased or that petitioner was prevented from calling witnesses.

The second proceeding involves charges arising out of the May 1991 riots at the Southport Correctional Facility. Petitioner was previously charged with rioting and violent behavior; those charges were sustained. On March 11, 1993, that disciplinary determination was annulled and the matter was remitted for further proceedings because the Hearing Officer failed to provide documents requested by petitioner "based upon the bald statement that the documents are confidential" *(Matter of Porter v Cuomo,* 191 AD2d 852, 853). In December 1992, between the administrative determination and its annulment by the Appellate Division, petitioner was found guilty of promoting prison contraband in the first degree (Penal Law § 205.25) after a trial in Chemung County Court. Rather than charge petitioner again with rioting and violent behavior, prison officials commenced this disciplinary proceeding charging petitioner with violating a different rule, i.e., committing a Penal Law violation, based on the County Court conviction. This disciplinary proceeding does not raise double jeopardy concerns *(cf., People v Rivera,* 189 AD2d 920, *lv denied* 81 NY2d 975). We have reviewed the other issues raised by petitioner and find them to be without merit. (Article 78

Proceeding Transferred by Order of Supreme Court, Erie County, Howe, J.) Present—Pine, J. P., Balio, Fallon, Wesley and Davis, JJ.