■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM TIRICO, Appellant. [643 NYS2d 85] —Judgment, Supreme Court, Bronx County (Elbert Hinkson, J.), rendered March 30, 1993, convicting defendant, after a jury trial, of murder in the

second degree and attempted murder in the second degree, and sentencing him to consecutive terms of 25 years to life and 5 to 15 years, respectively, unanimously affirmed.

Defendant's presence was not required during discussion between the court and counsel regarding the purely legal issue of whether defendant's prospective testimony might in any manner open the door to questioning by the prosecutor regarding an issue raised by the prosecutor and conceded by him to be based upon speculation (*see, People v Rodriguez*, 85 NY2d 586, 591). Defendant would not have been able to make a meaningful contribution to the discussion of concededly speculative matters and the absence of any reference at trial to such matters indicates that the result of the conference was wholly favorable to defendant (*cf., People v Favor*, 82 NY2d 254, 267).

The trial court appropriately exercised its discretion in precluding questioning of a lay witness regarding felony classification and statutory sentencing guidelines (matters requiring some legal expertise), while permitting extensive cross-examination of the witness regarding possible motive to fabricate (*see, People v Chin*, 67 NY2d 22, 28-29), including, *inter alia*, the nature of the benefit received for his cooperation in this case. The trial court's ruling regarding the hospital records of this witness provided defendant with sufficient information to conduct meaningful cross-examination regarding the witness's psychiatric history and to argue in summation that such history impacted on the witness's credibility (*see, People v Arnold*, 177 AD2d 633, *lv denied* 79 NY2d 853). Concur—Sullivan, J. P., Ellerin, Rubin and Tom, JJ.