■ In the Matter of CARLOS GARCIA, Respondent, v PHILIP COOMBE et al., Appellants. [649 NYS2d 724] —In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Correctional Services dated October 25, 1994, which affirmed the determination of a Hearing Officer, made after a hearing, finding that the petitioner had violated Disciplinary Rule 1.00 (Penal Law Offense) (7 NYCRR 270.2 [A]), the appeal is from a judgment of the Supreme Court, Dutchess County (Hillery, J.) dated October 19, 1995, which, *inter alia,* annulled the determination and directed that all references to the offense be expunged from the petitioner's records.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed.

During a May 28, 1991, prison uprising at Southport Correctional Facility, the petitioner held a correction officer hostage, keeping a metal leg restraint chain wrapped around the officer's neck and holding a sharpened metal shank against the officer's throat. The officer was stripped naked and handcuffed, and was bleeding from his head and around his buttocks. The petitioner continuously threatened to kill the officer. The petitioner was served with two misbehavior reports arising out of his participation in the uprising.

After a Tier III hearing, the petitioner was found guilty of violating prison rules pertaining to rioting, assault on staff, threats, and refusing a direct order. Although the petitioner had also been charged with violating Disciplinary Rule 1.00 (Penal Law Offense) (7 NYCRR 270.2 [A]), the Hearing Officer's decision did not make any reference to that violation.

In a CPLR article 78 proceeding to review the above determinations, the Appellate Division, Third Department, annulled the determinations and remitted the matter for a new hearing on the ground that the petitioner had been denied certain evidence (see, Matter of Garcia v Coughlin, 194 AD2d 896). While the appeal to the Appellate Division, Third Department, was pending, the petitioner was convicted in the County Court, Chemung County, of assault in the second degree as a result of the same conduct that had been the subject of the prison disciplinary proceedings. Although the Appellate Division, Third Department, had merely ordered the determination annulled and remitted the matter for a new hearing, officials at the Department of Correctional Services apparently interpreted the order to require expungement, and directed that all references to the disciplinary proceeding be "expunged" from the petitioner's records.

Shortly after the records of the original disciplinary proceeding had been expunged, prison officials served the petitioner with a new misbehavior report charging him with a violation of Disciplinary Rule 1.00 (Penal Law Offense) based on the Chemung County Court criminal conviction. At the disciplinary proceeding the petitioner was found guilty of having violated Disciplinary Rule 1.00 and, after an unsuccessful administrative appeal, he commenced the instant CPLR article 78 proceeding. The only issue before us—and the only issue we pass upon—is whether the "expungement" of the records of the prior disciplinary proceeding is a bar to the charges and punishment under the disciplinary proceeding which is the subject of this appeal.

The Supreme Court, Dutchess County, held that it was. It granted the petition, annulled the determination, and directed that the records be expunged. Relying upon Matter of Howard v Coughlin (212 AD2d 852, 853), the Supreme Court concluded that "to uphold a determination of guilt [based upon the facts herein] * * * would * * * impose a penalty upon petitioner for actions expunged". We now reverse.

In Matter of Howard v Coughlin (190 AD2d 1090), the Appellate Division, Fourth Department, considered the appropriate remedy and did not remit the matter for a new hearing, but

instead expressly ordered expungement of the prisoner's record. Here, to the contrary, the Appellate Division, Third Department, in deciding the appeal relating to the petitioner's prior disciplinary proceeding, did not order expungement but specifically contemplated and authorized further proceedings, by remitting the matter for a new hearing. The "expungement" that followed was an internal, administrative act, apparently based on a misinterpretation of the order of the Appellate Division, Third Department. The "expungement" of the original charges was done unilaterally by the respondents, and was, in essence, the substitution of the earlier charges in favor of a single, later charge based on the criminal conviction. An in-house action of this kind does not give rise to the preclusive consequences accorded to a judicial order of expungement. Accordingly, the judgment appealed from should be reversed, and the proceeding should be dismissed. Rosenblatt, J. P., Miller, Ritter and Florio, JJ., concur.