■ In the Matter of JOSE HERNANDEZ, Appellant, v DONALD SELSKY, as Director of Special Housing and Inmate Disciplinary Programs, Respondent. [773 NYS2d 178]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (LaBuda, J.), entered November 14, 2002 in Sullivan County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Commissioner of Correctional Services finding him guilty of violating certain prison disciplinary rules.

Petitioner was charged in a November 2000 misbehavior report with assault on another inmate and possession of a weapon following a slashing incident at Sullivan Correctional Facility in Sullivan County. Evidence at the tier III hearing included the victim's statement that petitioner was not the perpetrator. Petitioner was found not guilty and the charges were dismissed. Approximately one year later, prison personnel intercepted a letter from the victim that they interpreted as implicating petitioner in the assault. In November 2001, petitioner was charged in another misbehavior report alleging the same violations of which he had previously been found not guilty.

Petitioner's objection at the commencement of the hearing to facing the same charges a second time was overruled. The victim remained adamant at the second tier III hearing that petitioner had not assaulted him, adding that petitioner was neither the skin color nor ethnicity of the person who assaulted him. The victim was questioned about the intercepted letter* and testified that he did write a letter intended for a Muslim publication

---

* The Hearing Officer ruled the intercepted letter to be confidential. Neither the victim nor petitioner was able to review the letter.

and that, when read correctly, it did not implicate petitioner in the assault. Petitioner was nevertheless found guilty following the second hearing. Supreme Court dismissed this CPLR article 78 proceeding in which petitioner challenged the determination as violative of res judicata. Petitioner appeals.

The doctrine of res judicata generally gives "conclusive effect to the quasi-judicial determinations of administrative agencies" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 499 [1984]; *see Matter of Evans v Monaghan*, 306 NY 312, 323-325 [1954]). While an exception to the general rule applies in some circumstances when there is newly discovered material evidence (*see generally* 2 NY Jur 2d, Administrative Law § 292), this exception is narrowly construed, particularly as to quasi-judicial determinations (*see Matter of Evans v Monaghan, supra* at 324; *Matter of Burgess v Goord*, 285 AD2d 753, 754-755 [2001]; *cf. Robin-Gay Apts. v Berman*, 26 AD2d 537 [1966]). Indeed, the rule with respect to the effect of newly discovered evidence in judicial actions (*see* CPLR 5015 [a] [2]), while not controlling, nevertheless serves as an appropriate analogy as to when a quasi-judicial determination may be reconsidered because of newly discovered evidence (*see Matter of Evans v Monaghan, supra* at 326).

Here, the allegedly newly discovered evidence was a letter written by the victim approximately a year after the assault. The letter was not free from ambiguity and the victim offered an explanation of the letter that was consistent with his statements at both hearings that petitioner did not assault him. While the letter may provide some evidence impeaching the victim or otherwise be marginally relevant to the charges against petitioner, it was not the type of "important material evidence" that justifies a departure from the general application of res judicata in quasi-judicial determinations (*Matter of Evans v Monaghan, supra* at 325; *cf. Gonzalez v Chalpin*, 233 AD2d 367 [1996]; *Olwine, Connelly, Chase, O'Donnell & Weyher v Valsan, Inc.* 226 AD2d 102 [1996]).

Mercure, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted, determination annulled and the Commissioner of Correctional Services is directed to expunge all references to this matter from petitioner's institutional record.