■ In the Matter of Dino Caroselli, Appellant, v Glenn S. Goord, as Commissioner of Correctional Services, Respondent. [803 NYS2d 288]—

Spain, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered August 17, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, currently an inmate at Shawangunk Correctional Facility in Ulster County, was charged in a misbehavior report dated November 20, 2003 with violating the prison disciplinary rule that prohibits inmates from committing a Penal Law offense. The charge flowed from petitioner's November 14, 2003 conviction, by a jury in Cayuga County, of assault in the second degree (see Penal Law § 120.05 [3], [7]). The alleged conduct underlying the criminal conviction involved an attack by petitioner on a correction officer while petitioner was incarcerated at the Auburn Correctional Facility in Cayuga County. Following a tier III disciplinary hearing, petitioner was found guilty and penalized with 72 months of special housing unit confinement. The determination was upheld on administrative appeal, prompting petitioner to commence the instant CPLR article 78 proceeding. Supreme Court dismissed the proceeding and petitioner appeals. We now affirm.

Petitioner's first argument on appeal stems from typographical errors in the misbehavior report, which erroneously indicated that petitioner had been convicted of nonexistent sections of the Penal Law. We find no abuse of discretion in the Hearing Officer's decision to deny petitioner's request to have the judge who had presided over his criminal trial be called as a witness. An inmate may call witnesses at a disciplinary hearing "provided their testimony is material, is not redundant, and doing so does not jeopardize institutional safety or correctional goals" (7 NYCRR 253.5 [a]; see Matter of Miller v Goord, 2 AD3d 928, 929-930 [2003]). Given other, conclusive evidence, including petitioner's admission at the hearing that he was convicted of assault under Penal Law § 120.05, the judge's testimony would have been redundant (see Matter of Jackson v Smith, 13

AD3d 685, 686 [2004], *lv denied* 4 NY3d 707 [2005]; *Matter of Martinez v New York State Dept. of Correctional Servs.*, 273 AD2d 663, 663-664 [2000], *lv denied* 95 NY2d 763 [2000]).

Also unavailing are petitioner's claims relating to a date error in the letter from the Cayuga County Court to the Inmate Records Coordinator, advising that petitioner had been convicted of a crime. While the letter was dated four days prior to petitioner's conviction, the Cayuga County Court assistant who typed the letter testified at the hearing and explained that she had misdated the letter, which was actually prepared and faxed on November 20, 2003. Petitioner sought to have the witness answer questions pertaining to the legal definition of "conviction," apparently in an attempt to prove that because he had not yet been sentenced when the misbehavior report was prepared, he had not, at that point, been "convicted" of any crime, and thus could not be subject to the rule which permits "departmental sanctions . . . based upon a criminal *conviction*" (7 NYCRR 270.2 [a] [emphasis added]). The Hearing Officer properly denied petitioner's efforts to question that lay witness as to her knowledge of a legal definition of "conviction" (*see People v Tirico*, 227 AD2d 356, 357 [1996], *lv denied* 89 NY2d 930 [1996]; *see generally People v Batashure*, 75 NY2d 306, 310 [1990]). In any event, because petitioner clearly stood convicted of a crime (*see* CPL 1.20 [13]), notwithstanding the absence—at that point—of a judgment of conviction against him (*see* CPL 1.20 [15]), the testimony he sought on this point would have been immaterial.

Next, petitioner asserts that he lacked adequate notice that a criminal conviction could subject him to disciplinary sanctions. Inasmuch as the term "criminal behavior" used in the Standards of Inmate Behavior provided to him is unquestionably broad enough to encompass a criminal conviction, petitioner's argument lacks merit (*see S.T. Grand, Inc. v City of New York*, 32 NY2d 300, 304-305 [1973]).

Petitioner also argues that the principles of res judicata, collateral estoppel and double jeopardy bar this disciplinary proceeding because, prior to his criminal conviction, he had been charged and found guilty of violating certain disciplinary rules relating to the incident at the Auburn Correctional Facility. That determination was ultimately reversed by Supreme Court (Malone, Jr., J.) in a CPLR article 78 proceeding and a new hearing was ordered, yet no rehearing was held. Contrary to petitioner's arguments, the abandonment of that prior proceeding did not bar prison officials from instead disciplining him based on his subsequent criminal conviction (*see Matter of*

*Garcia v Coombe*, 233 AD2d 328, 329 [1996], *lv denied* 89 NY2d 808 [1997]; *Matter of Porter v Irvin*, 206 AD2d 925, 925 [1994], *lv denied* 84 NY2d 810 [1994]; *see also Matter of Escobar v Roberts*, 29 NY2d 594 [1971], *cert denied* 404 US 1047 [1972]).

Petitioner's remaining contentions—including his claim of hearing officer bias and that his penalty was excessive—have been reviewed and found unpersuasive.

Cardona, P.J., Peters, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.