■ In the Matter of DEREK JOSEY, Appellant, v GLENN S. GOORD, as Commissioner of Correctional Services, Respondent. [826 NYS2d 479]—

Spain, J. Appeal from a judgment of the Supreme Court (Spargo, J.), entered October 6, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent finding petitioner guilty of violating a prison disciplinary rule.

On July 17, 2003, while incarcerated at Green Haven Correctional Facility in Dutchess County, petitioner stabbed another inmate, ultimately causing his death. A misbehavior report was thereafter prepared and, after a tier III disciplinary hearing, petitioner was found guilty of assault, fighting and possession of a weapon.

Petitioner was subsequently charged in a second misbehavior report with violating several more prison disciplinary rules based upon the same incident. Following another tier III hearing, petitioner was found guilty of assault, violent conduct and possession of a weapon. Upon administrative review, the determination of guilt was reversed on the basis that the same incident had been considered during the previous hearing and no newly acquired evidence had been introduced.

Having also been indicted for his role in the subject incident, defendant thereafter pleaded guilty to manslaughter in the second degree. As a result, he was charged in a third misbehavior report based upon the prison disciplinary rule which permits sanctions when an inmate has been convicted of a Penal Law of-

fense (*see* 7 NYCRR 270.2 [A]). Petitioner was found guilty of that disciplinary charge and the determination was upheld on administrative appeal.

Petitioner then commenced the instant CPLR article 78 proceeding alleging, among other things, that the doctrine of res judicata prohibited the determination of guilt stemming from the third disciplinary hearing. Supreme Court dismissed the petition, prompting this appeal.

We affirm. While res judicata typically gives conclusive effect to quasijudicial determinations such as ones made in prison disciplinary proceedings, a limited exception to that general rule is available in situations where there is newly discovered material evidence (*see Matter of Hernandez v Selsky*, 5 AD3d 882, 883 [2004]). Here, the determination of guilt arising out of the third disciplinary hearing cannot be said to have been barred by res judicata as it was, in fact, premised upon new evidence, namely, petitioner's criminal conviction (*see Matter of Caroselli v Goord*, 23 AD3d 712, 714 [2005], *lv denied* 6 NY3d 708 [2006]; *see also People ex rel. McEneny v New York State Div. of Parole*, 268 AD2d 250, 250 [2000], *lv dismissed* 94 NY2d 939 [2000]; *People ex rel. Williams v Rodriguez*, 108 AD2d 1007, 1008 [1985], *lv denied* 65 NY2d 603 [1985]; *cf. Matter of Hernandez v Selsky, supra* at 883). Indeed, under current rules, the charge of having been convicted of a Penal Law offense could not have been properly asserted against petitioner in an earlier proceeding as the charge was unsustainable without the criminal conviction (*see* 7 NYCRR 270.2 [A]; *cf. Porter v Coughlin*, 421 F3d 141, 143 [2005] [citing prior rule which required only conduct constituting a violation of the Penal Law, rather than actual conviction]; *Matter of Dumpson v Mann*, 225 AD2d 809, 810 [1996], *lv denied* 88 NY2d 805 [1996] [same]). We note that petitioner's reliance on *Matter of Howard v Coughlin* (212 AD2d 852 [1995], *lv denied* 85 NY2d 812 [1995]) is misplaced. There, our decision did not turn on the principle of res judicata, but focused on the fact that all references to the prior disciplinary violation had been expunged from the record; thus, we held that a subsequent disciplinary charge based upon a criminal conviction for the same conduct would impermissibly "impose a penalty upon petitioner for actions expunged in the prior CPLR article 78 proceeding" (*id.* at 853). Here, reference to the underlying criminal conduct was never expunged from petitioner's institutional record and, thus, the proceeding based upon petitioner's criminal conviction for such conduct is not similarly precluded.

Petitioner's remaining contentions, to the extent not specifi-

cally addressed herein, have been examined and found to be unavailing.

Cardona, P.J., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.