| |
|---|
| **Karter v Longevity Health Servs. LLC** |
| 2024 NY Slip Op 32542(U) |
| July 24, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 160961/2023 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                                                  PART                          **33M**

                                                                                *Justice*

-----------------------------------------------------------------------X

RONGRONG KARTER,

                                     Plaintiff,

                        - v -

LONGEVITY HEALTH SERVICES LLC,GREATCARE
INC.,NI XIA ZHENG, BARBARA WANG

                        Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 160961/2023 |
| MOTION DATE | 07/06/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 11, 12, 13, 14, 15, 16, 17, 18, 19, 21, 22, 23, 24, 26, 27

were read on this motion to/for                                 DISMISSAL                                 .

Upon the foregoing documents, Defendants Longevity Health Services LLC ("Longevity")

and Ni Xia Zheng ("Zheng") (collectively "Moving Defendants") motion to dismiss Plaintiff

Rongrong Karter's ("Plaintiff") complaint pursuant to CPLR § 3211(a)(1) and (7) is granted in

part and denied in part.

## I.      Background

Plaintiff alleges she was a home health aide employed by Longevity and Defendant

Greatcare Inc. from October 2017 until October 2018 (NYSCEF Doc. 1 at ¶ 9). Zheng was the

president of Longevity while Defendant Barbara Wang was the owner of Greatcare (*id.* at ¶¶ 10-

11). Plaintiff alleges that in violation of New York Labor Law, she was only paid for the hours she

was scheduled to work even though she was allegedly working in excess of those hours (*id.* at ¶

19). She further claims she was not paid required overtime. Plaintiff argues she was forced to split

her time between Longevity and Greatcare as part of a scheme to mask the true number of hours

160961/2023   KARTER, RONGRONG vs. LONGEVITY HEALTH SERVICES LLC ET AL
Motion No.  001

Page 1 of 6

[* 1]

worked. Plaintiff further alleges that Defendants willfully disregarded record keeping requirements to avoid paying proper compensation (*id.* ¶¶ 33-34).

Defendants Longevity and Zheng now move, pre-answer, to dismiss all claims except for Plaintiff's first and second causes of action. Moving Defendants argue that Plaintiff's sixth cause of action for violation of NYLL § 191(1)(a)(i) and NYLL § 198(1-a) do not provide for a private cause of action. They assert the § 195(3) claim should be dismissed because Plaintiff was provided with wage statements. Moving Defendants further argue that the unjust enrichment and quantum meruit claims should be dismissed as duplicative, and they seek dismissal of all crossclaims.

In opposition, Plaintiff argues the First Department has held NYLL § 191 does provide a private cause of action. Plaintiff argues the First Department's reasoning has been adopted by myriad Federal courts. Plaintiff further claims the wage statements produced by Moving Defendants do not definitively contradict her allegations and therefore are insufficient to dismiss her §195(3) claims. She further argues the unjust enrichment and quantum meruit claims are not duplicative as they seek the reasonable value of her work, which may exceed the bare minimum wage to which she is entitled under her statutory claims. Greatcare and Wang oppose dismissal of their crossclaims and argue that by nature of joint and several liability, they are entitled to assert these crossclaims to protect their interests.

In reply, Moving Defendants continue to rely on precedent from outside the First Department to support their argument that there is no private cause of action under NYLL § 191. Moving Defendants further assert the quantum meruit and unjust enrichment claims are equitable in nature and may not be maintained where an adequate remedy exists at law. They urge this Court to follow a recent trial court decision dismissing a NYLL §195 claim. Finally, Moving Defendants

160961/2023 KARTER, RONGRONG vs. LONGEVITY HEALTH SERVICES LLC ET AL
Motion No. 001

Page 2 of 6

argue dismissal of the crossclaims are appropriate because indemnification and contribution are unavailable under NYLL claims for unpaid wages.

## II.   Discussion

### A.  Standard

When reviewing a pre-answer motion to dismiss for failure to state a claim, the Court must give the Plaintiff the benefit of all favorable inferences which may be drawn from the pleadings and determines only whether the alleged facts fit within any cognizable legal theory (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). All factual allegations must be accepted as true (*Allianz Underwriters Ins. Co. v Landmark Ins. Co.*, 13 AD3d 172, 174 [1st Dept 2004]). Conclusory allegations or claims consisting of bare legal conclusions with no factual specificity are insufficient to survive a motion to dismiss (*Godfrey v Spano*, 13 NY3d 358, 373 [2009]; *Barnes v Hodge*, 118 AD3d 633, 633-634 [1st Dept 2014]). A motion to dismiss for failure to state a claim will be granted if the factual allegations do not allow for an enforceable right of recovery (*Connaughton v Chipotle Mexican Grill, Inc.*, 29 NY3d 137, 142 [2017]).

A motion to dismiss based on documentary evidence pursuant to CPLR § 3211(a)(1) is appropriately granted only when the documentary evidence utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law (*Goshen v Mutual Life Ins. Co. of New York*, 98 NY2d 314 [2002]). The documentary evidence must be unambiguous, of undisputed authenticity, and its contents must be essentially undeniable (*VXI Lux Holdco S.A.R.L. v SIC Holdings, LLC*, 171 AD3d 189, 193 [1st Dept 2019]). A court may not dismiss a complaint based on documentary evidence unless the factual allegations are definitively contradicted by the evidence (*Leon v Martinez*, 84 NY2d 83, 88 [1994]).

**160961/2023   KARTER, RONGRONG vs. LONGEVITY HEALTH SERVICES LLC ET AL**
**Motion No.  001**

**Page 3 of 6**

**B. NYLL §§ 191 & 198**

Moving Defendants arguments as they relate to §§ 191 & 198 are without merit per the First Department (*Vega v CM and Associates Construction Management, LLC*, 175 AD3d 1144 [1st Dept 2019]). The First Department's holding in *Vega* has been reaffirmed by the First Department (*Riggi v Charlie Rose Inc.*, 212 AD3d 486 [1st Dept 2023]) and followed by numerous Federal District Courts (*see, e.g. Zachary v BG Retail, LLC*, 2024 WL 554174 at *8 [SDNY Feb. 12, 2024]; *Garcia v Skechers USA Retail, LLC*, 2024 WL 1142316 at *6 [EDNY Mar. 15, 2024]). While the Court is aware that the Second Department has disagreed with the First Department (*see Grant v Global Aircraft Dispatch, Inc.*, 23 AD3d 712 [2d Dept 2024]), this Court is bound by the First Department. The Court declines to accept Moving Defendants' invitation to disregard the controlling case law of this jurisdiction. Therefore, this portion of the motion is denied.

**C. NYLL § 195(3)**

The Court denies the portion of the motion seeking dismissal of the NYLL § 195(3) claim. Plaintiff alleges that her wage statements were inaccurate by failing to list all hours worked, including overtime hours. The plain language of NYLL § 195(3) requires wage statements to include a statement of "the number of overtime hours worked" (*see also Copper v Cavalry Staffing, LLC*, 132 F.Supp.3d 460, 468 [EDNY Sept. 25, 2015]). The wage statements produced by Defendants do not definitively contradict Plaintiff's allegations that her wage statements did not include accurate calculations of the number of overtime hours worked. If anything, this is an issue of fact which must be flushed out in discovery (*see also Tanski v AvalonBay Communities, Inc.*, 2016 WL 8711203 [EDNY Sept. 30, 2016]).

### D. Unjust Enrichment and Quantum Meruit Claims

Plaintiff's unjust enrichment and quantum meruit claims are not duplicative of her New York Labor Law claims. Plaintiff is seeking statutory penalties and compensation for unpaid wages in her New York Labor Law claims but is seeking the reasonable value of her services in her unjust enrichment and quantum meruit claims. The reasonable value of Plaintiff's services may exceed the value set by Moving Defendants for her hourly wage (*Mikhaylov v Y & B Transportation Co.*, 2017 WL 1048071 at * 6 [EDNY Mar. 17, 2017]). Moreover, as these claims are pled in the alternative, it would be premature to dismiss them as they may be viable alternatives for recovery in the event Plaintiff's NYLL claims are dismissed on summary judgment (*Sosnowy v A. Perri Farms, Inc.*, 764 F.Supp2d 457 [EDNY Feb. 10, 2011]; *see also Kaur v Royal Arcadia Palace, Inc.*, 643 F.Supp.2d 276, 297 [EDNY Dec. 27 2007] [denying dismissal of unjust enrichment claim because it was pled in the alternative and would be adjudicated if statutory claims were dismissed]).

### E. Greatcare and Wang's Crossclaims

Much as there is no right to contribution or indemnification for employers under the Fair Labor and Standards Act, the same rationale applies to wage shaving and failure to pay claims under the New York Labor Law (*see generally Herman v RSR Sec. Services Ltd.*, 172 F3d 132, 143 [2d Cir 1999]; *see also Gustafson v Bell Atlantic Corp.*, 171 F Supp2d 311 [SDNY Oct. 26, 2001]). This is because these statutes are designed to regulate the conduct of employers towards their employees, and to allow for indemnification in such circumstances would, in essence, allow employers to simply shift away the risk of their statutory violations. Moreover, as the statutory violations are not based on negligence but are based on intentional acts or omissions, contribution

**160961/2023   KARTER, RONGRONG vs. LONGEVITY HEALTH SERVICES LLC ET AL**          **Page 5 of 6**
**Motion No.  001**

[* 5]                                                                                    5 of 6

is unavailable. Greatcare and Wang have failed to cite to any authority in support of their crossclaims. Therefore, the crossclaims are dismissed.

Accordingly, it is hereby,

ORDERED that Defendants Longevity Health Services LLC and Ni Xia Zheng motion to dismiss is granted solely to the extent that Defendants Barbara Wang and Greatcare Inc.'s crossclaims for indemnification and contribution are dismissed, and the motion is otherwise denied, and it is further

ORDERED that Defendants Longevity Health Services LLC and Ni Xia Zheng shall file an answer to Plaintiff's complaint within twenty days of entry of this Decision and Order; and it is further

ORDERED that the parties are directed to appear for an in-person preliminary conference on September 18, 2024 at 10:00 a.m. in Room 442, 60 Centre Street, New York, New York. If the parties are able to agree to a proposed preliminary conference order, they are directed to e-mail same to SFC-Part33-Clerk@nycourts.gov on or before September 17, 2024, which may obviate the need to appear for the in-person preliminary conference; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/24/2024 | | Mary V Rosado JSC |
|-----------|--|-------------------|
| **DATE** | | **HON. MARY V. ROSADO, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|--|---|----------------------|--|--|
| | | GRANTED | | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**160961/2023  KARTER, RONGRONG vs. LONGEVITY HEALTH SERVICES LLC ET AL**
**Motion No.  001**

Page 6 of 6

[* 6]